The STATE of Ohio, Appellee,

v.

DRAKE, Appellant.

[Cite as *State v. Drake*, 192 Ohio App.3d 216, 2011-Ohio-25.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23838.

Decided Jan. 7, 2011.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Kristine E. Comunale, for appellant.

———

Osowik, Judge.

{¶ 1} After the trial court overruled his motion for intervention in lieu of conviction ("ILC") on the ground that he was statutorily ineligible, Michael A. Drake pleaded no contest in the Montgomery County Court of Common Pleas to three counts of nonsupport of dependents, in violation of R.C. 2919.21(B), a fifth-

degree felony. The trial court found Drake guilty and sentenced him to a period of community control not to exceed five years, including a requirement to pay his child-support arrearage of $13,333.51.

{¶ 2} Drake appeals from his convictions, challenging the trial court's denial of his motion for ILC. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.

## I

{¶ 3} In October 2009, Drake was indicted on three counts of felony nonsupport of dependents due to his failure to support his minor child, K.D., from December 1, 2002, to November 30, 2004; December 1, 2004, to November 30, 2006; and December 1, 2006, to November 30, 2008, as required by court order. Drake entered an initial plea of not guilty.

{¶ 4} On November 24, 2009, Drake moved for ILC. The state did not oppose the motion. On December 23, 2009, the trial court denied Drake's request, stating:

{¶ 5} "[T]he recommendation which I'm going to follow is that Mr. Drake is not granted intervention in lieu of conviction because he's not eligible for intervention in lieu of conviction.

{¶ 6} "I note for the record that the reason Mr. Drake is not eligible is that this is a failure to pay child support case, a non-support case, and the child involved is age ten, making the child under the age of 13; and by statute if the victim of a crime is under the age of 13, statutorily that makes the defendant not eligible for intervention in lieu of conviction.

{¶ 7} "I note for the record that, other than that impediment, other than the fact that the child involved is under the age of 13, Mr. Drake would, in fact, be eligible for intervention in lieu of conviction, and I see nothing in this record that would have prevented intervention—ILC from being granted."

{¶ 8} The trial court further commented that, arguably, the victim of the nonsupport charges is the payee of the child support and not the child.

{¶ 9} Immediately following the denial of his motion for ILC, Drake entered a plea of no contest to the three charges. The court found him guilty and sentenced him accordingly.

{¶ 10} Drake appeals from his convictions, raising two assignments of error.

## II

{¶ 11} We find Drake's first assignment of error to be dispositive. It states:

{¶ 12} "The denial of appellant's motion for ILC is contrary to law."

{¶ 13} In his first assignment of error, Drake claims that the trial court erred in denying his motion for ILC on the ground that, because the victim of his offenses was under the age of 13, he was statutorily ineligible for ILC. Drake argues that the victim in a nonsupport action is the obligee—i.e., the person to whom the court-ordered payments are to be made—and not the minor child. He thus argues that the victim of his offenses was not under the age of 13.

{¶ 14} In response, the state acknowledges that "[t]his Court has agreed with Drake's proposition in *State v. Sorrell*, 187 Ohio App.3d 286], 2010-Ohio-1618 [931 N.E.2d 1135]." The state asks that we reconsider *Sorrell*, arguing that "there can be multiple victims of a single offense. The State submits that while the custodial parent can be seen as a victim in a criminal non-support case, there is no good reason why the child cannot be seen as a victim as well."

{¶ 15} R.C. 2951.041(B) sets forth nine criteria that must be met in order for an offender to be statutorily eligible for ILC. Of relevance to this appeal, R.C. 2951.041(B)(7) requires that "[t]he alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, *under thirteen years of age*, or a peace officer engaged in the officer's official duties at the time of the alleged offense." (Emphasis added.) Id.

{¶ 16} R.C. 2930.01(H)(1) defines a "victim" as "[a] person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution or delinquency proceeding and subsequent proceedings to which this chapter makes reference."

{¶ 17} In *Sorrell*, we addressed whether the defendant, who was indicted on nine counts of failure to provide support for three of his children from a previous marriage, was statutorily ineligible for ILC. As in this case, the trial court in *Sorrell* held that the defendant was statutorily ineligible for ILC since two of his children were under the age of 13 when the alleged offenses occurred.

{¶ 18} On appeal from Sorrell's convictions, we agreed with Sorrell that the denial of his motion for ILC was an abuse of discretion. We reasoned:

{¶ 19} "We acknowledge that the indictment identifies the minor children; however, the basis for the criminal prosecution is the failure to comply with the court order, which designates the children's mother, Robyn Sorrell, as the payee.

{¶ 20} "Elsewhere in the Revised Code, a 'victim' is defined as 'a person who suffers personal injury or death as a result of * * * [c]riminally injurious conduct.' R.C. 2743.51(L)(1). Black's Law Dictionary defines a 'victim' as a 'person who is the object of a crime or tort.' (5th Ed.1979) 1405.

{¶ 21} " * * *

{¶ 22} "While the object of a support order is clearly the welfare of the dependent child, the child's claim to any arrearage owed by the offender is secondary to that of the custodial parent or state agency tasked with the responsibility of collecting and distributing the payments made pursuant to the support order fashioned by the court. '[I]n the absence of evidence to the contrary, the court will presume that the child was clothed, fed, and generally accorded the necessities of life, the payment for which the weekly support was intended.' *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 37, 15 OBR 134, 472 N.E.2d 328. Simply put, the court presumes that the custodial parent will provide for the daily needs of the dependent child regardless of whether the offender pays the support ordered by the court.

{¶ 23} "In Ohio, the noncustodial parent is required to pay his support directly to the Ohio Child Support Payment Center, who then distributes the payment to the custodial parent. If the offender fails to pay according to the support order, the victim is the payee of the unpaid support check, i.e., the custodial parent to whom the court-ordered support payments are to be made. Upon review of the ILC Eligibility Report prepared by the Adult Probation Department, we note that the section of the report titled 'Victim Impact Statement' specifically states under the section entitled 'name of [the] victim' that the victim in the instant case is the Ohio Child Support Payment Center located in Columbus, Ohio, who distributes child-support payments to Robyn Sorrell, appellant's ex-wife and custodial parent of [the children]. We also note that Sorrell's children were not mentioned in the 'Victim Impact Statement.'

{¶ 24} "Lastly, when engaging 'in statutory interpretation, legislative intent is paramount. *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 39, 741 N.E.2d 121. In order to determine legislative intent, it is a cardinal rule of statutory construction that a court must first examine the language of the statute. *State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601.' *Terry v. Sperry*, [186 Ohio App.3d 798,] 2010-Ohio-1299, [930 N.E.2d 846] (DeGenaro, J., dissenting). We note that R.C. 2951.041(B)(7) does not apply to minors between the age of 13 and 18. This suggests a legislative intent to protect particularly young and vulnerable children. Many beneficiaries of child support are older than 13. Thus, we conclude that the legislative intent was not to exclude nonsupport cases from ILC eligibility.

{¶ 25} "In light of the foregoing, we hold that the 'victim' in a nonsupport case is not the dependent child who is the object of the support order. Rather, the 'victim' is the custodial parent to whom the support payments are to be made. Thus, the trial court abused its discretion when it held that Sorrell was statutorily ineligible for ILC pursuant to R.C. 2951.041(B)(7), since the victim of Sorrell's

failure to pay child support was Robyn Sorrell, the custodial parent." *Sorrell* at ¶ 13–14, 16–19.

{¶ 26} We agree with our reasoning in *Sorrell* and see no basis to reconsider it. See *State v. Pence*, Montgomery App. No. 23837, 2010-Ohio-5901, 2010 WL 4925791 (rejecting the state's invitation to reconsider *Sorrell* and, instead, concluding that the trial court "erred and abused its discretion in finding Appellant was statutorily ineligible for ILC based upon its determination that the victim of the felony nonsupport was the dependent who was under age 13, rather than the child support payee, or the child's mother"). In light of *Sorrell* and *Pence*, which followed *Sorrell*, we conclude that the trial court erred and abused its discretion in finding that Drake was statutorily ineligible for ILC based solely upon its determination that the victim of the felony nonsupport charges was Drake's ten-year-old child, rather than the child-support payee.

{¶ 27} Drake's first assignment of error is sustained.

## III

{¶ 28} Drake's second assignment of error states:

{¶ 29} "The denial of ILC is contrary to a full and complete application of the statutes relating to sentencing."

{¶ 30} In light of our disposition of Drake's first assignment of error, his second assignment is rendered moot.

## IV

{¶ 31} The trial court's judgment will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

DONOVAN and FROELICH, JJ., concur.