The STATE of Ohio, Appellee,

v.

HALL, Appellant.

[Cite as *State v. Hall* (2000), 137 Ohio App.3d 666.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–1145.

Decided May 18, 2000.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Scott M. Forehand*, Assistant Prosecuting Attorney, for appellee.

*Judith M. Stevenson*, Franklin County Public Defender, and *Paul Skendelas*, Assistant Public Defender, for appellant.

---

TYACK, Judge.

Roger A. Hall entered a guilty plea to a single charge of nonsupport in violation of R.C. 2919.21. The trial court sentenced him to a term of seven months' incarceration. The trial court also ordered restitution in the sum of $7,264.21.

Hall has now pursued a direct appeal of his sentence, assigning a single error for our consideration:

"The trial court improperly sentenced appellant to a term of imprisonment contrary to the sentencing criteria contained in R.C. 2929.13 and R.C. 2929.19."

Hall has prior convictions for receiving stolen property and passing bad checks. He also has a lengthy traffic record, including ten convictions for driving without an operator's license and/or driving while his operator's license was under suspension.

The criteria to be considered in sentencing an individual to a felony of the fifth degree, such as nonsupport, are set forth in R.C. 2929.13(B)(1). Counsel for Hall contends that none of the factors set forth in the statute as factors that make imprisonment appropriate is demonstrated in the record for Hall's case.

Given the extended period of time during which Hall failed to support his child and given the fact that he had been found in contempt for failure to pay his support earlier, a community control sanction might well have been perceived as demeaning the seriousness of the offense of nonsupport.

In nonsupport cases, the principal victim is a child who has little or no ability to help himself or herself. In many cases, the poverty that results can cause physical harm to the child. (See R.C. 2929.13[B][1][a].) A parent holds a position of trust with respect to the child. (See R.C. 2929.13[B][1][d].) Given the extent of Hall's traffic record, he has to have been subjected to a community control sanction/probation during at least part of the time he was failing to support his child. (See R.C. 2929.13[B][1][h].)

Under the circumstances, at least three criteria increasing the likelihood of imprisonment exist. The trial court was well within its discretion and well within the purposes of the sentencing criteria to assess the penalty it did.

The sole assignment of error is overruled. The judgment and sentence of the trial court are affirmed.

*Judgment affirmed.*

LAZARUS and PETREE, JJ., concur.