**The STATE of Ohio, Appellee,**

v.

**SORRELL, Appellant.**

[Cite as *State v. Sorrell,* 187 Ohio App.3d 286, 2010-Ohio-1618.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23370.

Decided April 9, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Carl G. Goraleski, Assistant Public Defender, for appellant.

DONOVAN, Presiding Judge.

{¶ 1} Defendant-appellant, William Sorrell Jr., appeals from a judgment of the Montgomery County Court of Common Pleas overruling his motion for intervention in lieu of conviction ("ILC"), finding him statutorily ineligible, on nine counts of felony nonsupport of dependents in violation of R.C. 2919.21(B). Thereafter, Sorrell pleaded no contest to all of the counts in the indictment. The trial court found Sorrell guilty and sentenced him to a period of community control not to exceed five years. The court also ordered Sorrell to begin making payments toward his child-support arrearage totaling $27,748. Sorrell filed a timely notice of appeal with this court on April 6, 2009.

I

{¶ 2} On January 8, 2009, Sorrell was indicted on nine counts of failure to provide support for three of his children from a previous marriage, to wit: A.S. for the periods of November 1, 2002, through October 31, 2004, and November 1, 2006, through May 31, 2007; C.S. for the periods of November 1, 2002, through October 31, 2004, November 1, 2004, through October 31, 2006, and November 1, 2006, through October 31, 2008; and D.S. for the periods of November 1, 2002, through October 31, 2004, November 1, 2004, through October 31, 2006, and November 1, 2006, through October 31, 2008. Sorrell was arraigned on January 22, 2009, stood mute, and the trial court entered a not-guilty plea on his behalf.

{¶ 3} On February 4, 2009, Sorrell filed a motion for ILC. The state did not file a written objection to ILC, and the record does not reveal an oral objection from the state on the ILC application. The record does, however, contain an ILC-eligibility report from the Adult Probation Department that states that Sorrell was statutorily ineligible for ILC, since the victims in the instant case were under 13 years of age when the offenses occurred.

{¶ 4} Thereafter, the court held that while alcohol abuse was a factor in the commission of the offenses, Sorrell was statutorily ineligible for ILC, since two of his children were under the age of 13 when the alleged offenses occurred.

{¶ 5} Following the denial of his motion for ILC, Sorrell pleaded no contest to all of the counts contained in the indictment, and the court found him guilty and sentenced him accordingly. It is from this judgment that Sorrell presently appeals.

## II

{¶ 6} Sorrell's first assignment of error is as follows:

{¶ 7} "The denial of appellant's motion for ILC is contrary to law."

{¶ 8} In his first assignment of error, Sorrell contends that the trial court abused its discretion when it found that he was statutorily ineligible for ILC. Specifically, Sorrell argues that his children who were under the age of 13 when the offenses occurred were not "victims" as contemplated under R.C. 2951.041(B)(7). Contrary to the holding of the trial court, Sorrell asserts that the "victim" in a case of criminal nonsupport is the custodial parent or the agency/entity who is the initial payee of the support payments ordered by the court.

{¶ 9} In determining whether an offender is statutorily eligible for ILC, the trial court's inquiry is governed by R.C. 2951.041(B)(7), which states:

{¶ 10} "The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, *under thirteen years of age*, or a peace officer engaged in the officer's official duties at the time of the alleged offense." (Emphasis added.)

{¶ 11} R.C. 2930.01(H) defines a "victim" as the following:

{¶ 12} "(1) A person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution or delinquency proceeding and subsequent proceedings to which this chapter makes reference."

{¶ 13} We acknowledge that the indictment identifies the minor children; however, the basis for the criminal prosecution is the failure to comply with the court order, which designates the children's mother, Robyn Sorrell, as the payee.

{¶ 14} Elsewhere in the Revised Code, a "victim" is defined as "a person who suffers personal injury or death as a result of * * * [c]riminally injurious conduct." R.C. 2743.51(L)(1). Black's Law Dictionary defines a "victim" as a "person who is the object of a crime or tort." (5th Ed.1979) 1405.

{¶ 15} In support of the trial court's holding that Sorrell's minor children under the age of 13 constituted "victims" pursuant to R.C. 2951.041(B)(7) in order to find Sorrell statutorily ineligible for ILC, the state cites an opinion from the Tenth District that states that "in nonsupport cases, the principal victim is a child who has little or no ability to help himself or herself." *State v. Hall,* 137 Ohio App.3d 666, 739 N.E.2d 846. At issue in *Hall,* however, was whether the defendant should be sentenced to a term of incarceration rather than community control for the nonsupport of his children. The court in *Hall* did not address whether children under the age of 13 could be considered "victims" under R.C. 2951.041(B)(7) as a basis to deny a defendant's motion for ILC. Thus, *Hall* is not dispositive in the instant case.

{¶ 16} While the object of a support order is clearly the welfare of the dependent child, the child's claim to any arrearage owed by the offender is secondary to that of the custodial parent or state agency tasked with the responsibility of collecting and distributing the payments made pursuant to the support order fashioned by the court. "[I]n the absence of evidence to the contrary, the court will presume that the child was clothed, fed, and generally accorded the necessities of life, the payment for which the weekly support was intended." *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 37, 15 OBR 134, 472 N.E.2d 328. Simply put, the court presumes that the custodial parent will provide for the daily needs of the dependent child regardless of whether the offender pays the support ordered by the court.

{¶ 17} In Ohio, the noncustodial parent is required to pay his support directly to the Ohio Child Support Payment Center, who then distributes the payment to the custodial parent. If the offender fails to pay according to the support order, the victim is the payee of the unpaid support check, i.e., the custodial parent to whom the court-ordered support payments are to be made. Upon review of the ILC Eligibility Report prepared by the Adult Probation Department, we note that the section of the report titled "Victim Impact Statement" specifically states under the section entitled "name of [the] victim" that the victim in the instant case is the Ohio Child Support Payment Center located in Columbus, Ohio, who distributes child-support payments to Robyn Sorrell, appellant's ex-wife and

custodial parent of A.S., C.S., and D.S. We also note that Sorrell's children were not mentioned in the "Victim Impact Statement."

{¶ 18} Lastly, when engaging "in statutory interpretation, legislative intent is paramount. *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 39, 741 N.E.2d 121. In order to determine legislative intent, it is a cardinal rule of statutory construction that a court must first examine the language of the statute. *State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601." *Terry v. Sperry*, Mahoning App. No. 08–MA–227, 2010-Ohio-1299, 2010 WL 1178065 (DeGenaro, J., dissenting). We note that R.C. 2951.041(B)(7) does not apply to minors between the age of 13 and 18. This suggests a legislative intent to protect particularly young and vulnerable children. Many beneficiaries of child support are older than 13. Thus, we conclude that the legislative intent was not to exclude nonsupport cases from ILC eligibility.

{¶ 19} In light of the foregoing, we hold that the "victim" in a nonsupport case is not the dependent child who is the object of the support order. Rather, the "victim" is the custodial parent to whom the support payments are to be made. Thus, the trial court abused its discretion when it held that Sorrell was statutorily ineligible for ILC pursuant to R.C. 2951.041(B)(7), since the victim of Sorrell's failure to pay child support was Robyn Sorrell, the custodial parent.

{¶ 20} Sorrell's first assignment of error is sustained.

### III

{¶ 21} Sorrell's second assignment of error is as follows:

{¶ 22} "The denial of ILC is contrary to a full and complete application of the statutes relating to sentencing."

{¶ 23} In light of our holding in regards to Sorrell's first assignment, his second assignment of error is rendered moot.

### IV

{¶ 24} Sorrell's first assignment of error having been sustained, his plea is vacated, his conviction and sentence are reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and FROELICH, JJ., concur.