[Cite as *State v. Baker*, 2012-Ohio-729.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee          :       C.A. CASE NO. 24510

vs.                                    :       T.C. CASE NO. 10CR1516

STEFFEN J. BAKER                       :       (Criminal Appeal from
                                  Common Pleas Court)
    Defendant-Appellant         :

. . . . . . . . .

## O P I N I O N

Rendered on the 24th day of February, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Melissa M. Replogle, Atty. Reg. No. 0084215, Asst. Pros. Attorney, P.O. Box 972, Dayton, OH 45422
    Attorneys for Plaintiff-Appellee

P.J. Conboy, II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, OH 45424
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Steffen Baker, appeals from his conviction and sentence for carrying concealed weapons.

{¶ 2} In the early morning hours of May 2, 2010, Defendant went with his nephew and a friend to the Juicy Night Club on Shoup Mill Road in Harrison Township. When

Defendant urinated in the parking lot, he was confronted by two security officers from the club who told him to leave the premises. Defendant became argumentative and aggressive toward the security officers, who then took Defendant into custody. While the security officers were attempting to physically control Defendant, he kept reaching toward his left front pants pocket. After handcuffing Defendant, the security officers patted Defendant down for weapons and discovered a loaded handgun and a baggie of marijuana in Defendant's left front pants pocket, the same pocket Defendant had been reaching for.

{¶ 3} Defendant was indicted on one count of carrying concealed weapons, R.C. 2923.12(A)(2), a felony of the fourth degree. Defendant filed a motion requesting intervention in lieu of conviction (ILC) pursuant to R.C. 2951.041. The State opposed Defendant's request for ILC. On January 27, 2011, the trial court conducted a hearing, following which the court denied Defendant's request for ILC. The court concluded that Defendant does not meet all of the eligibility requirements for ILC because drugs or alcohol were not factors leading to Defendant's criminal conduct, and ILC would demean the seriousness of his offense. Defendant subsequently entered a no contest plea to the carrying concealed weapons charge and was found guilty. He was sentenced to five years of community control sanctions.

{¶ 4} Defendant timely appealed to this court from his conviction and sentence. He challenges only the trial court's decision denying his request for ILC.

ASSIGNMENT OF ERROR

{¶ 5} "THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY DENYING HIS MOTION FOR INTERVENTION IN LIEU OF

CONVICTION."

**{¶ 6}** Defendant argues that the trial court erred by concluding that he was ineligible for ILC because, contrary to the trial court's findings, Defendant meets all of the statutory eligibility requirements for ILC in R.C. 2951.041(B).

**{¶ 7}** R.C. 2951.041(A)(1) provides, in relevant part:

If an offender is charged with a criminal offense, including but not limited to a violation of section 2913.02, 2913.03, 2913.11, 2913.21, 2913.31, or 2919.21 of the Revised Code, and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged, * * * the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. * * * The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

**{¶ 8}** R.C. 2951.041(B)(1)-(9) sets out nine eligibility requirements for ILC that a defendant must meet. Eligibility determinations are matters of law subject to de novo review. *State v. Parker*, 3d Dist. Putnam No. 12-08-08, 2009-Ohio-1835.

{¶ 9}   When Defendant's offense was committed in 2010, paragraph (6) of R.C. 2951.041(B) required the court to find, as a prerequisite to granting ILC, that:

> The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.

{¶ 10} Defendant argues that because the police officers who arrested him reported that he was visibly intoxicated, he had a baggie of marijuana in his pants pocket, he admitted that he had been smoking marijuana and drinking at a friend's home earlier that evening, and he has a history of marijuana and alcohol use, his drug or alcohol use was a factor leading to his commission of the carrying concealed weapons offense.   Defendant also told the investigator who prepared the ILC report that he was under the influence of drugs and alcohol at the time of the offense.   However, Defendant told that same investigator "that he decided to carry a firearm because Juicy Night Club is in a bad neighborhood."   Based upon that admission by Defendant, the trial court found that Defendant failed to link his decision to carry the firearm to his drug and alcohol use.   Rather, the decision to carry the firearm seems to have been motivated by concerns over personal safety and self-protection.   The trial court stated that in order to find Defendant eligible for ILC, the court must find that drug or alcohol use was a factor leading to Defendant's criminal behavior in carrying the concealed firearm, and that on these facts the court could not make that finding.

{¶ 11} The court additionally found that ILC would demean the seriousness of the offense in this case because Defendant's aggressive conduct toward the security officers and

his repeated attempts to reach into his pants pocket where the loaded handgun was hidden while the officers were attempting to gain physical control over Defendant, constituted more than simply a case of possession of a weapon.

**{¶ 12}** After reviewing this record, we conclude that the trial court did not err in finding that Defendant failed to establish the eligibility requirement in R.C. 2951.041(B)(6), particularly that ILC would not demean the seriousness of the offense in this case. The trial court properly found that Defendant was ineligible for ILC.

**{¶ 13}** Defendant further argues that the trial court abused its discretion by denying him ILC. Even if an offender does satisfy all of the eligibility requirements for ILC, the trial court has discretion to determine whether the particular offender is a good candidate for ILC. The decision whether to grant a motion for ILC lies within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion. *State v. Lindberg*, 2d Dist. Greene No. 2005CA59, 2006-Ohio-1429.

**{¶ 14}** "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

**{¶ 15}** A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises,*

*Inc. v. River Place Community Urban Redevelopment*, Corp., 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} The trial court did not summarily deny Defendant's motion for ILC without a hearing, but rather elected to consider that request and held a hearing to determine whether Defendant meets all of the eligibility requirements in R.C. 2951.041(B).  After carefully considering the facts and the ILC report, which recommended that Defendant's motion for ILC be granted, the trial court concluded that Defendant does not meet the eligibility requirements in R.C. 2951.041(B)(6), and that in any event the court would exercise its discretion to deny Defendant's request for ILC because of his aggressive conduct toward the security officers and his repeated attempts to reach  his pants pocket where the gun was concealed.  No arbitrary or unreasonable decision, abuse of discretion, on the part of the trial court is demonstrated.

{¶ 17} Defendant's assignment of error is overruled.  The judgment of the trial court will be affirmed.

FROELICH, J., And HALL, J., concur.

Copies mailed to:

Melissa M. Replogle, Esq.
P.J. Conboy, II, Esq.
Hon. Dennis J. Langer