[Cite as *State v. Brown*, 2012-Ohio-3177.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                           :

      Plaintiff-Appellee                            :          C.A. CASE NO.    24813

v.                                                             :          T.C. NO.    11CR1296

KEVIN BROWN                                         :        (Criminal appeal from
                                          Common Pleas Court)

      Defendant-Appellant                        :

                                                               :

          . . . . . . . . . .

# **O P I N I O N**

Rendered on the _____13th_____ day of _____July_____, 2012.

          . . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARK A. FISHER, Atty. Reg. No. 0066939, 5613 Brandt Pike, Huber Heights, Ohio 45424
        Attorney for Defendant-Appellant

          . . . . . . . . . .

FROELICH, J.

      **{¶ 1}**  After his motion for intervention in lieu of conviction (ILC) was denied, Kevin D. Brown pled no contest to four counts of felony nonsupport of dependents. The court found him guilty and sentenced him to five years of community control. Brown's

community control sanctions included the requirements that he complete intensive probation supervision, attend and complete nonsupport court, pay restitution of $18,756, seek work, and refrain from the use of illegal drugs, drugs of abuse, and alcohol.

**{¶ 2}** Brown appeals from his conviction, claiming that the trial court violated his due process rights and abused its discretion by denying his motion for ILC. He argues that he was denied ILC based on the court's "philosophy to automatically deny" ILC for nonsupport cases as ILC would demean the seriousness of the offense.

**{¶ 3}** At the time of Brown's conviction,[1] R.C. 2951.041(A)(1) provided:

(A)(1) If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. * * * The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

---

[1] The ILC statute was amended, effective September 30, 2011, as part of H.B. 86. R.C. 2951.041(A)(1) now explicitly states that a charge of nonsupport of dependents (R.C. 2919.21) is eligible for ILC.

{¶ 4} Former R.C. 2951.041(B)(1)-(9) set forth nine eligibility requirements for ILC that a defendant had to meet. R.C. 2951.041(B)(6) provided, as a prerequisite for ILC, that "[t]he offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity."[2]

{¶ 5} At the conclusion of the ILC hearing, the court must enter its determination as to whether the offender is eligible for ILC and whether to grant the offender's request. R.C. 2951.041(C). "Eligibility determinations are matters of law subject to de novo review." *State v. Baker*, 2d Dist. Montgomery No. 24510, 2012-Ohio-729, ¶ 8.

{¶ 6} The trial court did not summarily deny Brown's motion for ILC without a hearing, as permitted by R.C. 2951.041(A)(1). Rather, the court obtained an ILC evaluation and held a hearing to determine whether Brown met the ILC eligibility requirements.

{¶ 7} At Brown's ILC and plea hearing, the trial court indicated that "there has been an ILC evaluation" and that "the recommendation is that ILC not be granted because an ILC resolution would demean the seriousness of the offense." The court further stated that the recommendation was "consistent with the way Judge Gorman, again, the judge who is

---

[2] We have previously addressed cases in which the trial court concluded that a person charged with felony nonsupport of dependents was statutorily ineligible for ILC under former R.C. 2951.041(B)(7), which precluded offenses where the victim was less than 13 years old, among other factors. *E.g., State v. Sorrell*, 187 Ohio App.3d 286, 2010-Ohio-1618, 931 N.E.2d 1135 (2d Dist.). We held that a trial court errs in finding such defendants statutorily ineligible under R.C. 2951.041(B)(7), because the victim of the nonsupport offense is the custodial parent, not the child. *Id.*; *State v. Drake*, 2d Dist. Montgomery No. 23838, 2011-Ohio-25; *State v. Pence*, 2d Dist. Montgomery No. 23837, 2010-Ohio-5901.

handling this docket on a routine basis, that's the approach she takes to ILC vis-a-vis nonsupport cases. And so, in order to be consistent with that, I will not approve ILC." Brown then entered his plea of no contest and was immediately sentenced.

{¶ 8}    The record does not support Brown's contention that he was denied ILC based on the court's "philosophy to automatically deny" ILC for nonsupport cases on the ground that ILC in all such cases would demean the seriousness of the offense.[3]  The trial court considered Brown's ILC report, which discussed Brown's family, employment, and substance abuse history and indicated that Brown owed $18,756 in child support for his son.  Brown had previously been held in contempt (and sentenced to jail for failure to purge the contempt), and the four-count indictment covered the period between January 1, 2004 and April 30, 2011.  The ILC report concluded that "Intervention in Lieu of Conviction would demean the seriousness of the offense, due to the large amount of restitution owed by the defendant and the likelihood that he could not repay the entire restitution in the allotted time period."  The trial court noted that this recommendation was consistent with the approach taken by another judge of the same court, and it expressed its desire to be consistent with the other judge.  We cannot conclude, however, that the trial court did not consider Brown's individual circumstances and, instead, "automatically" denied his request for ILC due to the offense with which he was charged.

---

[3] We note, parenthetically, that the same trial judge who conducted the ILC and plea hearing in this case has previously stated that he would grant ILC in felony nonsupport cases, but for R.C. 2951.041(B)(7).  *See, e.g., Drake* at ¶ 7, which quoted the trial judge, as follows: "I note for the record that, other than that impediment, other than the fact that the child involved is under the age of 13, Mr. Drake would, in fact, be eligible for intervention in lieu of conviction, and I see nothing in this record that would have prevented intervention — ILC from being granted."  Upon remand from this Court, Drake was granted ILC.  *State v. Drake*, Montgomery C.C.P 2008 CR 4733 (Apr. 13, 2011).

**{¶ 9}** After reviewing the record, we conclude that the trial court did not err in finding that Brown failed to satisfy the eligibility requirement in R.C. 2951.041(B)(6), particularly that ILC would not demean the seriousness of the offense in this case.

**{¶ 10}** Brown further argues that the trial court abused its discretion by denying him ILC. He states that he has no prior criminal record and was otherwise statutorily eligible, and that the trial court made no determinations as to why ILC would demean the seriousness of the offense.

**{¶ 11}** "Even if an offender satisfies all of the eligibility requirements for ILC, the trial court has the discretion to determine whether the particular offender is a good candidate for ILC. The decision whether to grant a motion for ILC lies within the trial court's sound discretion and will be not disturbed on appeal absent an abuse of discretion." *Baker*, 2d Dist. Montgomery No. 24510, 2012-Ohio-729, ¶ 13.

**{¶ 12}** The trial court considered Brown's ILC report, which recommended against ILC due to the large amount of restitution and his likely inability to pay the amount due. Brown had reported that, years ago, his alcohol usage led to the loss of several jobs and to his falling behind on child support payments. The ILC report further stated that, "[a]ccording to Mr. Brown, he has not been working recently because he lost [his] drivers license. * * * [N]o employers will hire him because he would have to take RTA to work, and potential employers feel as though that is unprofessional." Such statements support the ILC report's conclusion that Brown likely would have been unable to repay the restitution in the allotted time period, given the large amount of support owed. Upon considering the record, we cannot conclude that the trial court's decision to deny ILC was an abuse of discretion.

**{¶ 13}**    Brown's assignment of error is overruled.

**{¶ 14}**    The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Johnna M. Shia
Mark A. Fisher
Hon. Connie S. Price