[Cite as *State v. Smith*, 2012-Ohio-3395.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24812 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-1285 |
| v. | : | |
| | : | |
| ANTHONY A. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 27th day of July, 2012.

· · · · · · · · · · ·

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARK A. FISHER, Atty. Reg. #0066939, 5613 Brandt Pike, Huber Heights, Ohio 45424
        Attorney for Defendant-Appellant

· · · · · · · · · · · ·

HALL, J.

{¶ 1}    Anthony Smith appeals from his conviction and sentence on three counts of

felony non-support in violation of R.C. 2919.21(B).

{¶ 2}    In his sole assignment of error, Smith contends the trial court violated his due-process rights and abused its discretion by denying his motion for intervention in lieu of conviction (ILC).

{¶ 3}    The record reflects that Smith moved for ILC following his indictment on the foregoing charges. The trial court held a hearing on his motion and reviewed an ILC evaluation report prepared by the probation department. In deciding to deny ILC, the trial court followed the probation department's recommendation and found that granting Smith ILC would demean the seriousness of his non-support offenses. Smith then pled no contest. The trial court found him guilty and sentenced him to community control.

{¶ 4}    On appeal, Smith contends the trial court erred in denying him ILC based on its "philosophy to automatically deny" ILC in non-support cases.

{¶ 5}    At the time of Smith's conviction,[1] R.C. 2951.041(A)(1) provided:

> If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. * * *  The court may reject an offender's request without a hearing.  If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this

---

[1]  The ILC statute was amended, effective September 30, 2011, as part of H.B. 86.  R.C. 2951.041(A)(1) now explicitly states that a charge of non-support of dependents (R.C. 2919.21) is eligible for ILC.

section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

{¶ 6}    Former R.C. 2951.041(B)(1)-(9) set forth nine eligibility requirements for ILC that a defendant had to meet.  R.C. 2951.041(B)(6) provided, as a prerequisite to ILC, that "[t]he offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity."[2]

{¶ 7}    At the conclusion of an ILC hearing, a trial court must enter its determination as to whether the offender is eligible for ILC and whether to grant the offender's request. R.C. 2951.041(C).   "Eligibility determinations are matters of law subject to de novo review." *State v. Baker*, 2d Dist. Montgomery No. 24510, 2012-Ohio-729, ¶ 8.

{¶ 8}    Here the trial court did not summarily deny Smith's ILC motion without a

---

[2]This court previously has decided cases in which the trial court concluded that a person charged with felony non-support of dependents was statutorily ineligible for ILC under former R.C. 2951.041(B)(7), which precluded offenses where the victim was less than 13 years old, among other factors.  *E.g.*, *State v. Sorrell*, 187 Ohio App.3d 286, 2010-Ohio-1618, 931 N.E.2d 1135 (2d Dist.).  This court held that a trial court errs in finding such defendants statutorily ineligible under R.C. 2951.041(B)(7), because the victim of the non-support offense is the custodial parent, not the child.  *Id.*; *State v. Drake*, 2d Dist. Montgomery No. 23838, 2011-Ohio-25; *State v. Pence*, 2d Dist. Montgomery No. 23837, 2010-Ohio-5901.

hearing, as permitted by R.C. 2951.041(A)(1). Rather, it obtained an ILC evaluation and held a hearing to determine whether Smith met the ILC eligibility requirements.

{¶ 9}   During Smith's hearing, the trial court recognized that "there has been an ILC evaluation." (Hearing transcript at 2). It also noted the probation department's recommendation that ILC should not be granted because it "would demean the seriousness of the offense." (*Id*.). The trial court observed that this recommendation was "consistent with * * * the philosophy of Judge Gorman" (who had periodically been handling the docket in question) in non-support cases. (*Id*.).

{¶ 10}   Contrary to Smith's argument on appeal, the record does not establish that he was denied ILC based on a judicial "philosophy to automatically deny" ILC in non-support cases.[3] Before denying Smith's motion, the trial court considered an ILC report, which reviewed his social and criminal history and the facts of his case. The report concluded that granting ILC would demean the seriousness of Smith's offenses due to the substantial amount of support he owed. At the time of the report, this amount was $11,768.25. The trial court noted that the probation department's recommendation was consistent with Judge Gorman's approach, and it expressed its desire to be consistent with that other judge. At the same time, however, the trial court considered Smith's individual circumstances and did not "automatically" deny his ILC request. Having reviewed the record, we see no error in the trial court's finding that Smith failed to satisfy the eligibility requirement in R.C.

---

[3] We note, parenthetically, that the same trial judge who conducted the ILC and plea hearing in this case previously stated that he would grant ILC in felony non-support cases, but for R.C. 2951.041(B)(7). *See, e.g.*, *Drake* at ¶ 7, which quoted the trial judge, as follows: "I note for the record that, other than that impediment, other than the fact that the child involved is under the age of 13, Mr. Drake would, in fact, be eligible for intervention in lieu of conviction, and I see nothing in this record that would have prevented intervention — ILC from being granted." Upon remand from this court, Drake was granted ILC. *State v. Drake*, Montgomery C.P 2008 CR 4733 (Apr. 13, 2011).

2951.041(B)(6), which provides   that ILC must not demean the seriousness of the offense.

{¶ 11}  In a final argument, Smith contends the trial court abused its discretion by denying him ILC. He states that he has no prior criminal record and was otherwise statutorily eligible. He also claims the trial court made no determination as to why ILC would demean the seriousness of his non-support offenses.

{¶ 12}   "Even if an offender satisfies all of the eligibility requirements for ILC, the trial court has the discretion to determine whether the particular offender is a good candidate for ILC.  The decision whether to grant a motion for ILC lies within the trial court's sound discretion and will be not disturbed on appeal absent an abuse of discretion."  *Baker*, 2d Dist. Montgomery No. 24510, 2012-Ohio-729, ¶ 13.

{¶ 13}  In the present case, the trial court had no need to address whether it would have granted Smith ILC if he were eligible because it found him ineligible. In any event, we note that the trial court considered the ILC report, which recommended denying his motion. The information in that report would support the denial of ILC even if Smith were eligible. Therefore, even assuming eligibility, the denial of ILC was not an abuse of discretion.

{¶ 14}  The sole assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck
Johnna M. Shia

Mark A. Fisher
Hon. Connie S. Price