[Cite as *State v. Cabannis*, 2021-Ohio-1376.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CARLA K. CABANISS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0039**

---

Criminal Appeal from the
Municipal Court of East Liverpool, Columbiana County, Ohio
Case No. 19 CRB 00580

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Charles I. Payne,* Law Director of East Liverpool, City Prosecuting Attorney, 126 West Sixth Street, East Liverpool, Ohio 43920, for Plaintiff-Appellee, (NO BRIEF FILED), and

*Atty. Robert McDowall Jr.,* 415 Wyndclift Place, Youngstown, Ohio 44515, for Defendant-Appellant.

Dated:
April 1, 2021

**Donofrio, J.**

{¶1}     Defendant-appellant, Carla K. Cabaniss, appeals from an East Liverpool Municipal Court judgment entry denying her motion for intervention in lieu of conviction (ILC).  She entered a no contest plea to passing bad checks.

{¶2}     On April 5, 2019, a detective swore out a criminal complaint in the East Liverpool Municipal Court alleging that appellant violated R.C. 2913.11 by passing a bad check for $800 to her landlord and property owner, Jean Perkins, age 81.

{¶3}     A day before trial, appellant, through counsel, filed a motion to withdraw her jury trial demand and requested that the court schedule the case for hearing on a motion for ILC under R.C. 2951.041.  The trial court canceled the jury trial, ordered the ILC motion to be filed by September 18, 2019, and set a hearing date on the motion for September 25, 2019.

{¶4}     On August 19, 2019, the court issued a judgment entry continuing the ILC motion deadline and hearing in order "[t]o Review the conditions precedent for filing a Motin[sic] of Treatment in lieu of conviction for a mental condition." The court scheduled a "Review (Misc. Hearing)" for August 27, 2019.  The docket reflects that this hearing was labeled a miscellaneous hearing.

{¶5}     On August 23, 2019, appellant's counsel filed a motion to continue the hearing because he had to undergo medical testing. The trial court denied the motion.

{¶6}     On August 27, 2019, appellant appeared at the hearing with substitute counsel.  The court began the hearing by acknowledging that a motion for ILC was going to be filed.  The court explained that upon reviewing the ILC statute, R.C. 2951.041, it was clear that the court could not grant an ILC motion because Jean Perkins, the victim, was over the age of 65, and no judge "can grant or has jurisdiction to grant the Motion in Lieu of Treatment" under the statute.  The court explained that the factors in R.C. 2951.041 were conditions precedent to allowing ILC and the seventh factor in the statute, the victim's age, applied because Mrs. Perkins was over the age of 65, which barred an ILC motion.

Case No. 19 CO 0039

**{¶7}** At this hearing, the court explained:

There's[sic] conditions precedent that the Court has to look at and that would prevent the motion in lieu because they're conditions precedent, the Court doesn't have to grant a motion in lieu, it can do it without a hearing. I don't like doing that. I just don't think it's necessarily appropriate in regards to this matter.

So I think you can understand what my quandary is because the case law says that if there are any of these conditions precedent, the Court has no authority, even if I wanted to grant the motion in lieu. And I'm specifically looking at seven of the condition precedents in the statute. [8/27/19 Tr. 3].

**{¶8}** When the prosecution responded that a full ILC motion had not actually been filed for determination, the court stated:

Well, no, but the problem is there's no reason to wait for it to be filed because of the conditions precedent. Seven says, that a judge - - if you would review with me—

\*　　　\*　　　\*

If the victims of the offense is[sic] 65 years of age or older than I cannot grant this. So there would be no reason to delay justice and go through all of the motions, and CCHs, and all the things that the state needs to do if the Perkinses and the victim in this case is over the age of 65, and - - regards to this matter.

\*　　　\*　　　\*

There is no point to wait for all of that when I can't grant it if the victims are over the age of 65. So for judicial - - I'm sure all of you read that - - so I'm not sure if it was - - obviously, it wasn't read before the motion was filed, that your intent was to file that as soon as you got

all of that done, that you requested the jury trial to be continued because of that.

But I can't grant this motion in lieu because the victims are, obviously over 65. And I would think that the state could corroborate that and you would have looked at that and known that. [[8/27/19 Tr. 4-5].

**{¶9}** The prosecution responded that "that is my position as to eligibility. I don't believe that's a condition precedent for them being able to file it." The court responded:

It is. And it is condition precedent for me to grant it. And there is no reason to delay. And the case law is attached that is a complete ineligibility. So there would be no - - you know, can you file it, but it's going to be - - it would be - - it wouldn't make any sense, when you can't do it, I can't grant it, and we're going to wait and make any of these people lack judicial timeliness on this case.

So, you know, there's no way I can grant it. I have no power or jurisdiction to grant it. So that's why I brought it forward to make sure all of you are aware of that.

So yes, I can't grant it. No, you can file it, whatever, it will be summarily dismissed. So if you want to do that, feel free. But the state agrees that your victims are over the age of 65- -

\*       \*       \*

THE COURT: All right. So if, you know, you want a hearing in the future to contest that, I bet I believe everyone knows the Perkinses are over the age of 65. So, therefore, the case law says I have no authority. It's a jurisdictional issue. I cannot do it. It's a condition precedent. So, therefore, I cannot do it. And it's clear on its face.

So, therefore - - , I'm going to reschedule this hearing for a jury trial, and it is going to go forward. So that's why I had you here so that

we are not waisting[sic] precious judicial time to give a remedy to the individuals, and the victims, and the defendant for something that cannot be done under Ohio law.

And the only reason I would continue this any further, and go down all of those mental health evaluations, and all of the CCHs, and all the other things is if there would be an issue as to the victims not being over the age of 65.

So that is clearly a condition precedent. There is a plethora of case law to support that. And that's right in the statute. These are the things that has to be done. And if so than even if I decided to grant it, I don't.

And I have the authority as soon as the intent that you're going to file this to deny it without a hearing. I'm not doing that. I gave you the benefit of the hearing.

So in regards to this matter, I'm going to go set this case for jury trial. And any motion intervention in this case is overruled for the reasons that I stated. [8/27/19 Tr. 5-7].

{¶10} At appellant's request, the trial court allowed her to file a formal motion for ILC after the hearing, but stated that it would be summarily dismissed because the victim was over the age of 65.

{¶11} After the hearing, on August 27, 2019, the court issued a judgment entry stating that a motion hearing was held:

To determine the eligibility of filing a Motion in Lieu of Conviction. The Motion is overruled. Victim Jean Perkins is over the age of 65 which is a condition precedent. The prosecutor and defense counsel did not dispute that the age of the victim was over 65. No Judge can grant or has jurisdiction to grant the Motion in Lieu of Treatment.

Case No. 19 CO 0039

**{¶12}** On August 30, 2019, appellant filed the formal motion for ILC, asserting that the actual victim in the case was not Jean Perkins, but was her son-in-law Dennis Giambroni, who was the property manager and under the age of 65. The trial court issued a judgment entry indicating that the motion would be decided without a hearing and the court overruled the motion because Jean Perkins was the named victim in the complaint and she was over the age of 65.

**{¶13}** On September 4, 2019, the court held a plea and sentencing hearing in which it explained the August 27, 2019 hearing:

> As soon as I did review the statutory predicates for that - - one of the predicates to move forward was that the victims could not be the age of 65 or older. I have no power, or discretion, or jurisdiction - - whatever term you want - - to grant that motion even if I would have otherwise would have wanted to do so.
>
> And so, therefore, we had scheduled it far out because I was looking at defense counsel needing to get all kinds of mental health evaluations. The state would have time to have contrary.
>
> But when it came apparent that the Court could not grant the motion, and that would be an expenditure of judicial time for something that could not occur and that the Court - - it isn't a matter of the Court's discretion, it's a matter that the Court can't grant it.
>
> So, therefore, that motion was overruled because of that 65 years or age of older of the written victims, which were listed in the complaint. [9/4/19 Tr. 3].

**{¶14}** At the hearing, appellant waived her rights and entered a no contest plea to passing bad checks in violation of R.C. 2913.11. She was sentenced to 180 days in jail, 150 days suspended, was sentenced to non-reporting probation, and was ordered to pay fines and costs. Her sentence was stayed pending this appeal.

**{¶15}** On September 27, 2019, appellant filed a timely appeal in this Court. Appellant's first assignment of error states:

THE DENIAL OF DEFENDANT'S ILC MOTION CONSTITUTED ABUSE OF DISCRESION[sic] BECAUSE THE TRIAL COURT CONDUCTED THE HEARING CONTRARY TO THE ILC STATUTE MANDATES AND IN A MANNER WHICH WAS UNREASONABLE AND ARBIRTARY[sic].

{¶16} Appellant asserts that the court abused its discretion when it denied her ILC without a formal motion pending. Appellant submits that even after everyone agreed at the hearing that a formal ILC motion was not pending, the court developed its own facts and arguments and rendered a decision without evidence, analysis or argument. She notes that the court told her that she could still file a formal ILC motion after the hearing, but it would be summarily denied based on the victim's age. Appellant filed the formal motion and asserted that the actual victim was Dennis Giambroni, Mrs. Perkins's property manager and son-in-law who accepted appellant's rent check and who was under the age of 65. As evidence, she attached an email to her from Mr. Giambroni in which he offered to show her another property. The court issued a judgment entry finding that the ILC motion could not be accepted because Jean Perkins was the victim alleged in the complaint and is over the age of 65.

{¶17} Intervention in lieu of conviction is governed by R.C. 2951.041, which provides in relevant part that:

> If an offender is charged with a criminal offense, including but not limited to a violation of section * * *2913.11 * * * of the Revised Code and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged or that * * * at the time of committing that offense, the offender had a mental illness, was a person with an intellectual disability, or * * * and that the mental illness, status as a person with an intellectual disability * * * was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction.

Case No. 19 CO 0039

R.C. 2951.041(A). Section A also outlines specifics that an ILC request should contain, such as a statement from the offender that complies with the statute's requirements and a waiver of a number of the defendant's rights. The statute goes on to state that:

> The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's program eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

R.C. 2951.041(A)(1). Section B of R.C. 2951.041 provides a list of ten factors that the court must examine and find in a defendant's favor before ultimately determining that he or she is eligible for ILC. R.C. 2951.041(B). The relevant factor in this case is:

> (B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
>
> *   *   *
>
> (7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

R.C. 2951.041(B)(7).

{¶18} ILC is a privilege, not a right. *State v. Birch*, 12th Dist. Butler No. CA2010-10-256, 2012-Ohio-543, ¶ 37. The statute "does not create a legal right to ILC; rather, it is permissive in nature and provides that the trial court may, in its discretion, grant the defendant an opportunity to participate in the early intervention in lieu of a sentence." *State v. Nealeigh*, 2d Dist. Champaign No. 2010CA28, 2011-Ohio-1416, ¶ 9. Further,

"even if an offender satisfies all the eligibility requirements, a trial court has the discretion to determine whether the particular offender is a candidate for ILC." *Id.*, quoting *State v. Schmidt*, 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113 (2d Dist.). The statute allows the court to deny the offender's ILC request without a hearing, but if it decides to consider the request, the court must conduct a hearing to determine the eligibility of the defendant. *State v. Cebula*, 11th Dist. Lake No. 2013-L-085, 2014-Ohio-3276, ¶17, citing R.C. 2951.041(A)(1).

**{¶19}** The standard of review for a trial court's decision to deny a request for ILC is abuse of discretion. *State v. Casto*, 12th Dist. Clinton No. CA2008-08-033, 2009-Ohio-791, ¶ 12. Abuse of discretion is a determination that the "trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8. However, "a trial court's interpretation and application of the statutory eligibility requirements for intervention is a matter of law subject to a de novo review." *State v. Geraci*, 10th Dist. Franklin No. 04AP-26, 2004-Ohio-6128, ¶ 5, citing *State v. Sufronko*, 105 Ohio App.3d 504, 506, 664 N.E.2d 596 (4th Dist. 1995).

**{¶20}** The language of R.C. 2951.041(A)(1) is "inartful," because trial courts essentially "consider" ILC motions by making any kind of ruling on them. *See State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, at ¶ 12. Further, the statute leaves unanswered the hearing requirements on an offender's request for ILC, such as whether it is a full evidentiary hearing or just the opportunity to be heard, like in an allocution. *Id.*

**{¶21}** Appellant contends that the court's scheduling of dates for filing a formal ILC motion and hearing meant that it agreed to consider a full motion and was required to order an assessment and full hearing. We find no merit to this assertion because the court continued those dates and scheduled a hearing to review what it called "the eligibility of filing an ILC motion." (See 8/27/2019 J.E.). The mere scheduling of dates concerning a formal ILC motion does not obligate the court to proceed with an assessment or formal hearing, especially here when the court continued those dates and held a hearing to determine whether an ILC motion should be filed.

{¶22}   The court also rejects appellant's assertions that the court abused its discretion when it sua sponte continued the ILC deadlines and scheduled the "miscellaneous" hearing.  Appellant contends that the court did so with little notice to the parties and without a clear indication of the nature and scope of the hearing.  The trial court may sua sponte continue proceedings so long as the record demonstrates that the continuance was reasonable, unless the reasonableness cannot seriously be questioned. *State v. Lee*, 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976).  The trial court's continuance and scheduling of the "miscellaneous" hearing was reasonable.  Appellant filed her motion to withdraw jury trial and set the case for an ILC motion hearing on August 14, 2019. The court scheduled the ILC motion to be filed by September 18, 2019 and scheduled a motion hearing for September 25, 2019.  The trial court issued a judgment entry on August 19, 2019 continuing those and specifically stated that the reason for the continuance was to review conditions precedent for filing an ILC motion for a mental condition. The court continued the case until August 27, 2019 and indicated that it was going to be a "Review (Misc. Hearing)."  This Court finds that the eight-day notice for the hearing was reasonable and the trial court gave the parties reasonable notice of the nature and scope of the hearing when it stated its reason for the continuance.

{¶23}   Appellant further asserts that the trial court abused its discretion when it found her ineligible for ILC without the required motion pending before it and developed facts and argument without input, evidence, or argument by counsel.  She contends that the court should have not proceeded to determine the eligibility factors in R.C. 2951.041(B) without allowing her to present evidence that Mrs. Perkins's son-in-law was the actual victim and he was under the age of 65.

{¶24}   The trial court was aware that a formal motion for ILC was not pending before it as its August 27, 2019 judgment entry states that the parties appeared for a "Motion hearing to determine the eligibility of filing a Motion in Lieu of Conviction."  The court explained at the "miscellaneous" hearing that it could not grant appellant ILC because the victim was over the age of 65 as indicated in the criminal complaint.  The court reasoned that the victim's age is factor number seven for determining ILC eligibility and all ten of these factors were "conditions precedent" to granting ILC. The court

Case No. 19 CO 0039

concluded that there was no need for more formal proceedings concerning ILC or a formal ILC motion because Mrs. Perkins was over the age of 65.

**{¶25}** Appellant asserts that the court had no authority for the procedure it used at the hearing by first determining eligibility under R.C. 2951.041(B) and then ordering an assessment and intervention plan. However, the Second District Court of Appeals appears to have acknowledged such a procedure when highlighting the "inartful" language of the R.C. 2951.041 and its lack of clear instructions.

**{¶26}** In *State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, ¶ 12, the court explained that the language of the statute could be read to find that a court can reject an ILC "out of hand without even 'considering' statutory factors or discretionary factors." The court found that another reading of the statute was that "if a defendant is statutorily eligible (i.e. none of the factors in R.C. 2951.041(B) makes the applicant ineligible) and the trial court "considers" the eligible factors being granted for ILC, the court must order an assessment and hold a hearing. *Id.* The trial court in *Branch* had determined without a hearing that the defendant was ineligible for ILC under one of the eligibility factors in R.C. 2951.041(B). The court orally denied the defendant's motion for ILC after reviewing an ILC eligibility report subsequent to an assessment. The appellate court did not need to resolve the issue of whether the trial court erred in denying a hearing on the ILC motion even though it considered an eligibility factor because this issue was not raised. *Id.* ¶ 14. The appellate court ultimately held that even though it disagreed with the trial court's determination, the trial court did not abuse its discretion by denying defendant's motion for ILC based upon the eligibility factor that granting ILC would demean the seriousness of the offense. *Id.*

**{¶27}** In *State v. Stanton*, 2d Dist. Montgomery No. 25298, 2013-Ohio-1825, the defendant filed an ILC motion and a hearing was held, where the court stated to counsel that the issue of ILC was going to be explored and a brief discussion ensued. At the end of that hearing, the court indicated that a status hearing would be held at a later time to decide what to do. The court scheduled a status conference and briefly discussed the ILC motion during that hearing. Three days later, the court denied the ILC motion. The Second District held that because the trial court did not order an assessment as required by R.C. 2951.041(A), it did not actually hold a hearing on the motion for ILC. *Id.* The

court further held that the trial court's decision to not hold a hearing to determine eligibility for ILC was not subject to appellate review because a substantial right was not affected. *Id.*

**{¶28}** These cases provide support for the trial court's procedure and rulings in this case. However, in *State v. Miles*, the case cited by appellant, the Second District again looked at ILC and held that "[w]e conclude, since ILC is dependent upon the R.C. 2951.041(B) eligibility requirements being met, that consideration of an ILC motion occurs when the trial court reviews, that is considers, the eligibility requirements." 2d Dist. Greene No. 2016-CA-38, 2017-Ohio-7639, ¶ 12. The Second District held that even though an assessment was obtained, the trial court overruled the motion for ILC before it was able to review the assessment and thus eligibility factors had not been considered.

**{¶29}** The instant case is distinguishable from *Miles* because in this case, no formal motion for ILC was pending before the court. Rather, the court held a "miscellaneous" hearing and informed the parties that it was legally impossible for a formal motion for ILC to be granted because the victim's age barred her from consideration for ILC. The court found that the criminal complaint established this factor because the complaint identified Mrs. Perkins as the victim and listed her birthdate.

**{¶30}** This Court agrees that the trial court's "miscellaneous" hearing, statements made at the hearing, and the procedures followed in this case could have been clearer. However, R.C. 2951.041(A) is inartfully drafted and its procedures are ill-defined. Nevertheless, the court here held a hearing on the viability of filing a formal ILC motion, and while it could have denied the request for ILC without any hearing at all, the court chose to hold a hearing to explain its reasoning. This Court thus finds that the trial court did not abuse its discretion by holding the "miscellaneous" hearing, not ordering an assessment, continuing the deadlines for filing a formal ILC motion and hearing, and finding that a formal ILC motion could not be granted.

**{¶31}** Accordingly, appellant's first assignment of error lacks merit and is overruled.

**{¶32}** In her second assignment of error, appellant asserts:

> THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THE VICTIMS OF THE UNDERLYLING CRIME

Case No. 19 CO 0039

WERE OVER THE AGE OF SIXTY-FIVE RENDERING DEFENDANT INELIGIBLE FOR ILC.

**{¶33}** Appellant asserts that this Court should conduct a de novo review of the trial court's finding concerning the ages of the victims and find that Mr. Giambroni is the victim as appellant rented the property from him, she presented the check to him, and he held himself out as the property owner. This Court agrees that ILC eligibility determinations are matters of law subject to a de novo review. *See State v. Casto,* 12th Dist. Clinton No. CA2008-08-033, 2009-Ohio-791, ¶ 12, citing *State v. Geraci*, Franklin App. No. 04AP-26, 2004-Ohio-6128, ¶ 5, citing *State v. Sufronko* 105 Ohio App.3d 504, 506, 664 N.E.2d 596 (4th Dist. 1995).

**{¶34}** In *State v. Seawell*, 12th Dist. Warren No. CA2019-05-050, 2020-Ohio-155, the Twelfth District Court of Appeals applied the de novo standard of review to the trial court's finding that the defendant was eligible for ILC under R.C. 2951.041(B). The defendant pled guilty to third-degree felonies and the trial court granted his motion for ILC. The state appealed, asserting that the trial court lacked authority to grant ILC because Seawell was ineligible under R.C. 2951.041(B)(2), which provides that the offenses to which a defendant pleads guilty cannot be first, second, or third-degree felonies. In conducting its de novo review, the court held:

> The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent in enacting the statute. *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471. This court must first look to the plain language of the statute to determine the intent. *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997). When the statute's meaning is unambiguous and definite, we apply the statute as written and no further interpretation is necessary.

*Id.* ¶ 6. The court found that the language of R.C. 2951.041(B) was not ambiguous, looked to its plain language, and held that the legislature required that an ILC applicant meet "all of the ten" requirements and the court therefore erred by granting the defendant ILC when he did not meet the R.C. 2951.041(B)(2). *Id.*

**{¶35}** Similarly in the instant case, appellant did not meet the eligibility requirement in R.C. 2951.041(B)(7) because the victim was 65 years or older. In *Duvall*, 2d Dist. Greene No. 2008-CA-80, 2009-Ohio-6580, the defendant was indicted for complicity to commit theft from an elderly person. The trial court ordered that she undergo evaluation by a clinical psychologist to determine whether she met the requirements for ILC. The psychologist recommended that the court deny the motion because Duvall did not need treatment and drug abuse did not appear to be a factor in the crime. *Id.* She appealed, and the State argued on appeal that even if the psychologist was wrong, Duvall was nevertheless ineligible for ILC because the alleged victims of her crime were over 65 years old.

**{¶36}** The Second District agreed with the State and inferred that the victims were 65 years of age or over based upon the indictment, which charged Duvall with complicity under the theft statute that also contained the definition of an elderly person as a person 65 years old or older. The court held that "the General Assembly has seen fit to limit the trial court's discretion by making it unlawful for the court to grant a motion for treatment in lieu of conviction when the alleged victim is sixty-five years of age or older. It has in effect removed the court's discretion in such a situation -the situation we find here." *Id.* at ¶ 5. In concluding that the defendant was ineligible for ILC under R.C. 2951.041(B)(7), the court reviewed the language of the theft statute concerning theft from an elderly person, the indictment, and the definition of "elderly person" in Chapter 2913 to infer that the victim in the case was age 65 or older. *Id.*

**{¶37}** In *State v. Foreman*, the Eighth District reversed part of the trial court's determination that Foreman was eligible for ILC on two counts. One of the seven counts charged her with identity theft, with a furthermore clause indicating that the victim of the offense was an elderly person. Another count charged her with child endangerment of an eleven-year-old. The court referred Foreman to a psychologist and placed her in the ILC program. The State appealed, asserting that Foreman was ineligible for ILC because the victim of the identity theft was over the age of 65 and the victim of child endangerment was under the age of 13, in violation of R.C. 2951.041(B)(7). The appellate court quoted R.C. 2951.041(B)(7) and noted the abuse of discretion standard for granting a motion for ILC and the de novo standard for determining the factors for eligibility for ILC. The

appellate court reviewed the record and found that Foreman was not eligible for ILC under R.C. 2951.041(B)(7) on the identity theft and child endangerment counts because of the victims' ages. While the court found that the trial court erred by granting the motion for ILC on these counts, Foreman could still be granted ILC on the other counts.

**{¶38}** Appellant here asserts that while a charging instrument is entitled to some weight, it is not dispositive of the issue. She cites to *State v. Drake,* 192 Ohio App.3d 216, 2011-Ohio-25, 948 N.E.2d 965 (2d Dist.) and *State v. Sorrell,* 187 Ohio App.3d 286, 2010-Ohio-1618, 931 N.E.2d 1135 (2d Dist.) in support. However, those cases deal with trial courts' findings that noncustodial parents charged with nonpayment of child support were not eligible for ILC. *Id.* Looking to various statutory and legal dictionary definitions of the word "victim," the language and legislative intent behind R.C. 2951.041(B)(7), and Ohio child support laws, the appellate courts held that for purposes of R.C. 2951.041(B)(7), the victims of the nonpayment of support were not the minor children, but the custodial parents to whom the support was supposed to be made.

**{¶39}** The courts acknowledged that the indictments in those cases identified the minor children, but they looked at the definition of "victim" under R.C. 2930.01(H)(1), which is "[a] person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and provides the basis for the criminal prosecution…and subsequent proceedings to which this chapter makes reference." *Id.*, quoting R.C. 2930.01(H)(1). The appellate courts also looked to the definition of "victim" under R.C. 2743.51 (L)(1), which provides that a "victim" is "a person who suffers personal injury or death as a result of *** [c]riminally tortious conduct." R.C. 2743.51(L)(1). They also reviewed the definition of "victim" in Black's Law Dictionary, which provides that a "victim" is "the person who is the object of a crime or tort." (5th Ed. 1979) 1405. The courts reviewed Ohio child support laws and procedures and found that when the noncustodial parent does not pay, the custodial parent is the payee who does not receive the child support payment. *Id.*

**{¶40}** Finally, the *Drake* and *Sorrell* courts looked to the language of and legislative intent behind R.C. 2951.041(B)(7) and determined that it did not apply to minors between the ages of 13 and 17 and thus its intent was to protect very young children. *Drake* at ¶ 24; *Sorrell* at ¶ 18. The appellate courts noted that many

Case No. 19 CO 0039

beneficiaries of child support were older than 13 and thus the "legislative intent was not to exclude nonsupport cases from ILC eligibility." *Id.*

**{¶41}** In the instant case, the victim of appellant's crime in passing the bad check was Mrs. Perkins, the landlord and owner of the property that appellant was renting. Appellant does not explain how her belief that Mr. Giambroni owned the property or whether he held himself out as owner would have had any bearing on who the actual injured party was. Further, appellant acknowledges that she was instructed to make her rental checks payable to Jean Perkins. Thus, the victim in this case is Mrs. Perkins, who is over the age of 65. Appellant is therefore not eligible for ILC under R.C. 2951.041(B)(7).

**{¶42}** Accordingly, appellant's second assignment of error lacks merit and is overruled.

**{¶43}** In her final assignment of error, Appellant asserts:

> DEFENDANT IS ENTITLED TO A FULL EVIDENTIARY HEARING
> ON ANY ILC REMAND.

**{¶44}** Appellant correctly points out that the nature and scope of the ILC eligibility hearing procedure is not delineated by the statute, the legislature, or the courts. She acknowledges that a court may summarily deny an ILC motion without a hearing. However, she uses Rule 32.1 of the Ohio Rules of Criminal Procedure as a framework to set forth a 3-step process that the trial court should use if this case is remanded and an ILC eligibility hearing is held.

**{¶45}** Since we find that appellant's prior assignments lack merit, appellant's third assignment of error lacks merit and is overruled.

**{¶46}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

Case No. 19 CO 0039

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Municipal Court of East Liverpool of Columbiana County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**