[Cite as *State v. Brown*, 2014-Ohio-4891.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2014-04-007 |
| Plaintiff-Appellee, | : | CA2014-04-008 |
| | : | O P I N I O N |
| - vs - | | 11/3/2014 |
| | : | |
| BARBARA BROWN, et al., | : | |
| Defendants-Appellants. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI 2014-2045

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Darrell C. Hawkins, P.O. Box 536, Batavia, Ohio 45103, for defendants-appellants, Barbara & Richard Brown

**RINGLAND, P.J.**

{¶ 1} Defendants-appellants, Barbara Brown and Richard Brown, appeal a decision of the Brown County Court of Common Pleas denying their motions for intervention in lieu of conviction (ILC).

{¶ 2} Identical bills of information were filed against appellants alleging that they planned or aided in the planning of illegal cultivation of marijuana in violation of R.C. 2923.01(A)(1) and 2925.04(A), a felony of the fourth degree.

{¶ 3} Appellants waived indictment and entered pleas of not guilty. Appellants also filed motions for ILC. On that same day, the trial court scheduled a hearing on the motions for ILC for March 26, 2014.

{¶ 4} At the outset of the scheduled hearing, the trial court denied ILC for appellants. The trial court stated that, "this Court, having reviewed 2951.041(A)(1), hereby, rejects and dismisses --- overrules those motions." The trial court then accepted appellants' proffered exhibits into evidence. Appellants further advised the court that there were witnesses present and that they were prepared to go forward with the motions. The state indicated to the court that they had no objections to the motions ILC. The trial court then compared appellants' case to another recently decided case and reiterated the denial of appellants' motions.

{¶ 5} After denying the motions, the trial court accepted appellants' pleas of no contest. Appellants were found guilty of conspiracy in the illegal cultivation of marijuana, a fourth-degree felony.

{¶ 6} Appellants now appeal the trial court's decision denying their motions for ILC, raising a single assignment of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANTS' MOTIONS FOR INTERVENTION IN LIEU OF CONVICTION.

{¶ 9} Within this assignment of error, appellants raise two arguments: (1) "[i]f a court considers a request for ILC, the court must conduct a hearing to determine whether the offender is statutorily eligible for ILC; must stay all criminal proceedings pending the outcome of the hearing; and, shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan;" and (2) "[i]t is an abuse of discretion for a court to deny an offender's

request for intervention in lieu of conviction when the trial court imposes criteria different from those set out in R.C. 2951.041(B)(1)-(10)."

{¶ 10} Pursuant to R.C. 2951.041(A)(1):

> if an offender is charged with a criminal offense, * * * and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged * * * the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction.

{¶ 11} While R.C. 2951.041(A)(1) provides that "the court may reject an offender's request without a hearing," the statute also requires that, "if the court elects to consider an offender's request * * * the court *shall* conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing." (Emphasis added.) R.C. 2951.041(A)(1). In addition, "[i]f the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan." *Id.*

{¶ 12} In the present case, the trial court scheduled a hearing to consider appellants' requests for ILC, but then denied appellants' motions at the outset of that hearing and without ordering an assessment of appellants as required under R.C. 2951.041(A)(1). Accordingly, the trial court erred when it failed to hold a hearing and follow the procedures set forth in R.C. 2951.041(A)(1) after having elected to consider appellants' motions for treatment in lieu of conviction.[1]

{¶ 13} Based upon the foregoing resolution of appellants' first argument, appellants' second argument is rendered moot.

---

1. We note that the state acknowledges this error and concedes that the trial court must hold a hearing and order an assessment of appellants.

{¶ 14} In light of the foregoing, having found that the trial court erred in scheduling a hearing to consider a request for ILC but failing to conduct that hearing and follow the procedures outlined in R.C. 2951.041(A)(1), appellants' first assignment of error is sustained.

{¶ 15} Judgment reversed, appellants' convictions and pleas of no contest are vacated, and the cause is remanded for the trial court to conduct a hearing in accordance with R.C. 2951.041.

M. POWELL, J., concurs.

S. POWELL, J., concurs separately.

**S. POWELL, J., concurring separately.**

{¶ 16} Although I believe reversing this case to hold a hearing is likely nothing more than a futile act, based on the language of R.C. 2951.041(A)(1), I agree with the majority's analysis and resolution of appellants' single assignment of error. I write separately, however, to address the "inartful" wording of that statute and implore the legislature to revisit this statute so as to alleviate any potential confusion regarding the hearing requirements therein.

{¶ 17} I am not alone in expressing these concerns. To date, at least two other courts have already characterized the wording of the statute to be "inartful" in that a trial court's mere consideration of an offender's ILC motion triggers the right to a hearing "as a trial court, by definition, 'considers' an offender's request for ILC by making *any* ruling." (Emphasis sic.) *State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, ¶ 12; *State v. Cebula*, 11th Dist. Lake No. 2013-L-085, 2014-Ohio-3276, ¶ 18 ("[b]y virtue of an ILC motion being filed, a trial court always considers the motion to some degree"). However, this is clearly not what the legislature intended for "such an interpretation is inconsistent with the trial court's ability to reject the ILC motion without a hearing." *Cebula*. That then begs the question:

What did the legislature intend by including "elects to consider" as opposed to some other less amorphous phrase?

{¶ 18} The statute also does not provide any guidance as to what is necessary to constitute a "hearing." As the Second District Court of Appeals stated in *Branch*, "is it a full evidentiary hearing, or the opportunity to be heard, similar to allocution?" *Id.*, 2013-Ohio-2350 at ¶ 12. Regardless, the statute requires some type of "hearing" to be held when, as here, the trial court elects to consider the offender's request. Although I believe the trial court should be given some leeway in regards to what constitutes a hearing under R.C. 2951.041(A)(1), further guidance in this matter would be beneficial to avoid any additional strain on this state's already overwhelmed trial court dockets.

{¶ 19} The error in this case occurred once the trial court failed to hold a hearing after electing to consider the appellant's request. "[C]ase law is clear that when a conviction is reversed on appeal, the trial court must proceed from the point at which the error occurred." *State v. O'Neill*, 6th Dist. Wood No. WD-10-029, 2011-Ohio-5688, ¶ 20, citing *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982); *see, e.g., State v. Gonzales*, 151 Ohio App.3d 160, 180, 2002-Ohio-4937 (1st Dist.) (reversing a conviction on appeal and remanding to the trial court because the trial court must proceed from the point where the error occurred). In turn, although the trial court could have simply rejected appellants' request outright, once the trial court elected to consider the request, pursuant to R.C. 2951.041(A)(1), the trial court was required to: (1) hold a hearing, (2) stay all criminal proceedings pending the outcome of that hearing, and (3) order an assessment of appellants for purposes of determining if they are eligible for ILC. The trial court did not follow the requirements of R.C. 2951.041(A)(1). Therefore, I concur with the majority's analysis and resolution of appellants' single assignment of error.