[Cite as *State v. Page*, 2016-Ohio-7326.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                                :
                                             :
        Plaintiff-Appellee                   :        C.A. CASE NO. 2015-CA-27
                                             :
v.                                           :        T.C. NO. 12CR13
                                             :
JORDAN H. PAGE                               :        (Criminal appeal from
                                             :         Common Pleas Court)
        Defendant-Appellant                  :
                                             :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of _____October_____, 2016.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Prosecutor's Office, 200 N. Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 E. Fifth Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Jordan H. Page appeals a decision of the Champaign County Court of Common Pleas, Criminal Division, revoking his community control for violations of his community control as a result of a positive marijuana test in a separate case in Franklin County, Ohio, Case No. 2011 CR 6511. The trial court sentenced Page to seventeen months in jail, to be served concurrently to the sentence he was serving

from Franklin County. Page's appointed counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and now seeks leave to withdraw as counsel.

### FACTS and PROCEDURAL HISTORY

{¶ 2} On January 5, 2012, Page was indicted in Champaign County Common Pleas Court for two counts of breaking and entering, in violation of R.C. 2911.13(A)(C), both felonies of the fifth degree; three counts of theft, in violation of R.C. 2913.02(A)(1)(B)(2), all felonies of the fifth degree; one count of safecracking, in violation of R.C. 2911.31(A), a felony of the fourth degree; and criminal damaging, in violation of R.C. 2909.06(A), a misdemeanor of the second degree.

{¶ 3} On April 17, 2012, Page pled guilty to one count each of breaking and entering, safecracking, and theft. In return for Page's pleas, the State agreed to dismiss the remaining counts in the indictment. After accepting Page's guilty pleas, the trial court referred the matter for a presentence investigation report ("PSI").

{¶ 4} At the sentencing hearing held on June 25, 2012, the trial court sentenced Page to three years of community control sanctions. The trial court also ordered Page to complete the West Central Program, fined him $300.00, and ordered him to pay $2,500.00 in restitution. Thereafter, on June 5, 2014, an order was issued suspending Page's community control, and a probable cause hearing was held before the trial court on November 19, 2014. On November 21, 2014, the trial court issued a journal entry extending Page's community control until December 26, 2015.

{¶ 5} On July 15, 2015, the Champaign County Probation Department filed a notice of supervision violation against Page. A revocation hearing was held before the trial

court on August 7, 2015. Specifically, Page tested positive for marijuana while under supervision in Franklin County and was found in violation of that court's community control sanctions. The trial court in Franklin County revoked his community control and imposed sentence. Based on his rule violations in Franklin County (which violated the terms of Champaign County supervision as well), the trial court revoked Page's community control and sentenced him to seventeen months in jail to be served concurrently to the sentence he was serving in Case No. 2011 CR 6511 in Franklin County. The trial court also noted that Page remains liable for the payment of any court costs, fines, restitution, and court-appointed legal fees that were imposed in his judgment entry of conviction when he was originally sentenced to community control in June of 2012.

{¶ 6} Based on the belief that no prejudicial error occurred below and that any grounds for appeal would be frivolous, Page's appellate counsel filed a motion to withdraw pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

## *ANDERS* STANDARD

{¶ 7} *Anders* outlines the procedure counsel must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal. In *Anders,* the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Further, counsel must also furnish the client with a copy of the brief, and allow the client sufficient time to file his or her own brief, pro se. *Id.*

{¶ 8} Once the appellant's counsel satisfies these requirements, this court must

fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.* If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 9} In this case, appointed counsel fully complied with the requirements of *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Page has failed to file a pro se brief.

{¶ 10} Page's appointed counsel states in her *Anders* brief that she extensively reviewed the record, including the transcript of the proceedings, and concluded she could not make any meritorious arguments on Page's behalf. Nevertheless, counsel presents the following potential assignment of error as follows:

{¶ 11} "MR. PAGE'S [SEVENTEEN] MONTH PRISON SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND AN ABUSE OF THE TRIAL COURT'S DISCRETION."

{¶ 12} In his sole potential assignment, appointed counsel contends that the trial court's decision to sentence Page to seventeen months in jail is contrary to law and an abuse of discretion.

{¶ 13} A trial court has discretion to impose a prison sentence that is within the statutory range. *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1, ¶ 37. But in exercising that discretion, the trial court must "carefully consider" the statutory sentencing guidelines set forth in R.C. 2929.11 and 2929.12, as well as the "statutes that are specific to the case itself." *Id.* at ¶ 38. A reviewing court will reverse a sentence only if it determines "by clear and convincing evidence that the record does not support the

trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* Ohio Sup. Ct. Slip Opinion No. 2016–Ohio–1002. Significantly, the *Marcum* court also held "that appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10.

{¶ 14} In the case at bar, the trial court imposed a sentence within the permissible statutory range, and the trial court ordered the seventeen month sentence to run concurrently with the sentence that had been imposed in Franklin County. Further, this court has consistently recognized that a sentencing court complies with its mandatory duty to consider the sentencing factors of R.C. 2929.11 and 2929.12 if its sentencing entry states that it has considered those factors. *State v. Battle,* 2d Dist. Clark No. 2014 CA 5, 2014–Ohio–4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 09–CA–28, 2010–Ohio–2138, ¶ 43. Here, the trial court's judgment entry of conviction not only indicates that it considered the sentencing factors contained in R.C. 2929.11 and R.C. 2929.12, but the trial court expressly stated as much in open court during the sentencing hearing.

{¶ 15} In sum we are unable to find "by clear and convincing evidence that the record does not support the sentence," *Marcum* at ¶ 23, and the sentence is not contrary to law.

## CONCLUSION

{¶ 16} Pursuant to our responsibilities under *Anders,* we have conducted an independent review of the entire record, including the pre-sentence investigation report. Having done so, we agree with the assessment of appointed counsel that there are no arguably meritorious issues to present on appeal.

{¶ 17} Therefore, no potential assignments of error with arguable merit having

been found, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Kevin Talebi
Lori R. Cicero
Jordan H. Page
Hon. Nick A. Selvaggio