[Cite as *State v. Miles*, 2017-Ohio-7639.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-229 |
| | : | |
| DOMONIQ G. MILES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of September, 2017.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, 120 West Second Street, Suite 2000, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Domoniq Miles asserts that the trial court, after electing to consider his motion, filed under R.C. 2951.041, for intervention in lieu of conviction (ILC), erred by overruling the motion without conducting the hearing required when a court considers an ILC motion. We conclude that the trial court did not consider the ILC motion. Accordingly, the court was not required to conduct a hearing before overruling the motion. The trial court's judgment is affirmed.

## I. Facts

{¶ 2} Miles, on May 6, 2016, was indicted for Improperly Handling a Firearm in a Motor Vehicle, a violation of R.C. 2923.16(B), and Carrying a Concealed Weapon, a violation of R.C. 2923.12(A)(2), both offenses being fourth degree felonies. Miles, asserting drug dependence, filed an ILC motion on June 5, 2016. The trial court filed an entry on July 5, 2016 ordering Miles to undergo an ILC assessment on July 13, 2016.

{¶ 3} On July 7, 2016 a document entitled "Motion (Violation of Bond)" was filed by the court's probation department. The motion informed the trial court that Miles, on July 5, 2016, violated a condition of his bond by testing positive for marijuana. The court, also on July 7, 2016, filed an entry finding that Miles had violated a bond condition, but, nonetheless, the bond was continued on the same conditions.

{¶ 4} The trial court, on July 13, 2016, overruled Miles' ILC motion without a hearing. The trial court's decision occurred before the court received the ILC assessment.

{¶ 5} Thereafter, Miles and the State of Ohio engaged in plea negotiations

resulting in Miles, on August 24, 2016, entering a no contest plea to Improperly Handling a Firearm in a Motor Vehicle with the Carrying a Concealed Weapon count being dismissed. The court, on November 2, 2016, sentenced Miles to a term of Community Control Sanctions. This appeal followed.

## II. Analysis

{¶ 6} Miles' only assignment of error asserts that the trial court, after electing to consider the ILC motion, erred when it overruled the motion without conducting a hearing. Miles argues the trial court considered the ILC motion when it ordered an ILC assessment and scheduled an ILC hearing. The trial court did order an assessment, but the record does not indicate that an ILC hearing was scheduled.

{¶ 7} ILC is, of course, a "statutory creation" which allows a court, if it has reason to believe that drug or alcohol use, mental illness, or an intellectual disability, "was a factor leading to the [defendant's] criminal behavior[,]" to stay the criminal case and order a "period of rehabilitation." *State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, ¶ 10, citing *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 9.

{¶ 8} R.C. 2951.041(A)(1) provides that "[T]he court may reject an offender's [ILC] request without a hearing." However, "[i]f the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible… for [ILC]…" "If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for [ILC] and recommending an appropriate intervention plan."

**{¶ 9}** The court, assuming a hearing is conducted, must determine the defendant's ILC eligibility based upon the eligibility requirements set forth at R.C. 2951.041(B). The court, following an ILC hearing, must, under R.C. 2951.041(C), enter a determination regarding the defendant's eligibility and, if the defendant is eligible, its conclusion concerning whether to grant the ILC motion.

**{¶ 10}** We have stated, since a defendant does not have a right to an ILC hearing, that a decision not to conduct a hearing does not "affect a substantial right," and, as such, "is not subject to appellate review." *State v. Stanton*, 2d Dist. Montgomery No. 25298, 2013-Ohio-1825, ¶ 13, citing *State v. Rice,* 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506 (2d Dist.). The exception to this not appealable conclusion, not applicable here, is a court's blanket policy or practice not to consider ILC motions. *State v. Rice*, ¶ 17.

**{¶ 11}** The issue in this appeal is whether the trial court "considered" Miles' ILC motion. We have stated that the R.C. 2951.041(A) language is "inartful, as a trial court, by definition, 'considers' an offender's request for ILC by making *any* ruling." *State v. Branch*, ¶ 12 (emphasis in original).

**{¶ 12}** We conclude, since ILC is dependent upon the R.C. 2951.041(B) eligibility requirements being met, that consideration of an ILC motion occurs when the trial court reviews, that is considers, the eligibility requirements. This conclusion is consistent with the statutory language that the ILC hearing is conducted to determine a defendant's ILC eligibility. Such consideration triggers the necessity for a hearing so that the defendant and the State of Ohio may be heard regarding the eligibility requirements and, assuming eligibility, whether the ILC motion should be granted.

{¶ 13} In *State v. Cebula*, 11th Dist. Lake No. 2013-L-085, 2014-Ohio-3276, the court noted that the entry referring Cebula for an ILC assessment stated " 'it appears that defendant may be eligible' for ILC." *Cebula*, ¶ 18. The court further stated that this language "shows that the trial court considered the request." *Id.* The court, despite the indicated consideration conclusion, ultimately ruled, based upon the trial judge's indication that even if Cebula was ILC eligible the motion would be denied, that Cebula's ILC eligibility was "not determinative of [the trial court's] decision and a hearing on eligibility was not required." *Cebula*, ¶ 20. This ultimate ruling seems at odds with the court's consideration conclusion.

{¶ 14} The pending situation, nonetheless, is distinguishable. There is no indication in the record, based upon the assessment referral entry or otherwise, that the trial court considered the ILC eligibility requirements before issuing the decision overruling the ILC motion. The record, instead, indicates that the trial court's ILC denial decision occurred before the trial court received the assessment, and, therefore, before the trial court had an opportunity to review the eligibility requirements.

{¶ 15} The trial court, in short, did not consider Miles' ILC motion, and thus, was not required to conduct a hearing before overruling the motion. Miles' sole assignment of error is overruled.

### III. Conclusion

{¶ 16} Miles' sole assignment of error having been overruled, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

HALL, P.J., concurs.

DONOVAN, J., dissenting:

{¶ 17} I disagree.   In my view, the trial court "considered" Miles' application for ILC on July 5, 2016, when an order was issued by the trial judge which states:

> This matter comes before the Court on the Defendant's request for Intervention in Lieu of Conviction pursuant to O.R.C. 2951.041 * * *.   Based upon the Defendant's motion, IT IS THE ORDER OF THE COURT the Defendant be examined by a Licensed Independent Chemical Dependency Counselor/ Professional Clinical Counselor to determine if the Defendant meets the criteria set forth in O.R.C. 2951.041 in regards to mental illness, intellectual disability or drug or alcohol  abuse.   The evaluation will take place at 45 North Detroit Street, Xenia Ohio.

{¶ 18} Furthermore, in an entry later denying the request for ILC the court stated: "The Court denies the motion in its entirety.   The Court's finding in this regard is pursuant to its sound discretion.   *State v. Nealeigh,* 2d Dist. Champaign No. 2010CA28, 2011-Ohio-1416; *State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2350."

{¶ 19} In my view, both orders established the trial court "considered" Miles' request.   We have described a trial court's mere consideration of the ILC motion as the trigger to the right to a hearing as "inartful."   *See Branch*.   However, here, there is more than an ILC application, there was an order scheduling a drug assessment and a separate order which "exercised discretion" in the application's denial.   In *State v. Cebula,* 11th Dist. Lake No. 2013-L-085, 2014-Ohio-3276, the court stated, "we do not have difficulty determining whether the trial court 'considered' the ILC motion in this case.   In an order

referring defendant for evaluation on the ILC motion, the trial court stated that 'it appears that Defendant may be eligible' for ILC. This shows that the trial court considered the request." *Id.*, ¶ 18.

**{¶ 20}** In my view, ordering an assessment for ILC and issuing an order denying the ILC application establishes the trial court judge "considered" and rejected Miles' request. Thus, a hearing was required.

**{¶ 21}** Curiously, the PSI establishes Miles met all the statutory criteria for ILC and an assessment was completed by Evergreen Counseling (date unknown). The majority concludes that the trial court denied the ILC application without receipt of a drug dependency assessment. However, this finding is speculative. The assessment was scheduled for July 13 at 10:00 a.m. and the record does not reveal whether Miles was assessed at that time or not. The order denying the application was filed at 4:00 p.m. on the same day. The record is silent as to whether an assessment was completed prior to the 4:00 p.m. order which denied the application. Accordingly, I would reverse for an evidentiary hearing.

. . . . . . . . . .

Copies mailed to:

Nathaniel R. Luken
Daniel E. Brinkman
Hon. Stephen Wolaver