[Cite as *State v. Lucero*, 2018-Ohio-4634.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-534A |
| | : | |
| KAYLEE LUCERO | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of November, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

MISTY M. CONNORS, Atty. Reg. No. 0075457, 3451 Dayton-Xenia Road, P.O. Box 340-246, Dayton, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Kaylee Lucero pled guilty in the Clark County Court of Common Pleas to illegal use of supplemental nutrition assistance program benefits or WIC program benefits, in violation of R.C. 2913.46(B), a felony of the fifth degree. The trial court sentenced her to eight months in prison. For the following reasons, the trial court's judgment will be affirmed.

## I. *Anders* Appeal Standard

{¶ 2} Lucero's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she has been unable to identify any non-frivolous issues for appeal. Counsel raised as a potential assignment of error that the trial court erred in imposing a prison sentence rather than community control sanctions. We informed Lucero that her attorney had filed an *Anders* brief on her behalf and granted her 60 days from that date to file a pro se brief. No pro se brief has been filed.

{¶ 3} Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue -- whether presented by appellate counsel,

presented by the defendant (if a pro se brief is filed), or found through an independent analysis -- is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7.

## II. Factual and Procedural History

{¶ 4} According to the presentence investigation report (PSI), on May 27, 2017, Lucero came into possession of a food stamp card with $500 in nutrition assistance benefits; the card belonged to a developmentally disabled man. Lucero sold the card to Lavenna Taylor for three grams of crack cocaine. Lucero went into a grocery store with Taylor and pointed out items to purchase. After returning to their vehicle, Taylor went back inside the store and made additional purchases while Lucero "got high" on crack cocaine in the car.

{¶ 5} On September 11, 2017, Lucero was indicted on one count of illegal use of supplemental nutrition assistance program benefits or WIC program benefits, and she was served with the indictment and summons at her residence. Lucero appeared for her arraignment with appointed counsel. At that time, the trial court released Lucero on her own recognizance with conditions that Lucero abide by the criminal laws, that she appear for all hearings, that she have no contact with the victim, and that she submit to random drug screenings.

{¶ 6} Lucero failed to appear for a November 9, 2017 hearing, and the court issued a warrant for her arrest. Lucero was arrested on November 30, 2017, and the trial court set a $2,500 cash or surety bond. Lucero remained incarcerated for the pendency of the case.

{¶ 7} On January 8, 2018, Lucero moved for intervention in lieu of conviction (ILC)

and requested an assessment. The trial court denied the motion on the ground that Lucero had been charged in another case with robbery, a felony of the second degree. The court noted that the robbery charge had been dismissed by the prosecutor, but that the charge "raised enough concern with this Court for it to find that the ILC motion is not well taken."

{¶ 8} Shortly after the denial of her ILC motion, Lucero pled guilty to the charged offense. In exchange for the plea, the State agreed to remain silent at sentencing. The trial court ordered a PSI.

{¶ 9} At sentencing on February 14, 2018, the trial court found that, pursuant to R.C. 2929.13(B)(1)(b)(iii), it had the discretion to impose a prison sentence due to Lucero's violation of a condition her bond, namely that she had failed to appear for a pretrial conference on November 9, 2017. After reviewing Lucero's history of drug abuse and overdoses, the trial court imposed eight months in prison, saying that the sentence was "probably 5% for punishment reasons and 95% because I think it's gonna be for your own good."

### III. *Anders* Review

### A. Pretrial Rulings

{¶ 10} As an initial matter, we find that there are no non-frivolous issues related to the trial court's rulings prior to Lucero's plea. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from

knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3. We find nothing in the trial court's pretrial rulings that would have precluded Lucero from entering a knowing, intelligent, and voluntary plea.

{¶ 11} Lucero's guilty plea did not constitute a waiver of an argument that the trial court erred in denying her motion for ILC. *State v. Cebula*, 11th Dist. Lake No. 2013-L-085, 2014-Ohio-3276, ¶ 14-16. Nevertheless, we find no arguably meritorious claim on that issue. Pursuant to R.C. 2951.041(A)(1), a court may deny a request for intervention without a hearing, *State v. Nealeigh*, 2d Dist. Champaign No.2010 CA 28, 2011-Ohio-1416, ¶ 7, which is what the trial court did. On the record before us, any claim that the trial court abused its discretion in the denying ILC would not have arguable merit.

**B. Plea Hearing**

{¶ 12} Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist.

Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 13} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he [or she] is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 14} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his or her guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

{¶ 15} Upon review of the plea hearing transcript, the trial court strictly complied with its obligation to inform Lucero of the constitutional rights that she was waiving by entering her guilty plea, and the trial court determined that Lucero was making her guilty plea voluntarily, with an understanding of the nature of the charged offense and the maximum penalty. The trial court did not, however, inform Lucero of the effect of her guilty plea and that the court could proceed with judgment and sentencing, as required by Crim.R. 11(C)(2)(b).

{¶ 16} Nevertheless, the Supreme Court of Ohio has held that "[a] defendant who

has entered a guilty plea without asserting actual innocence is presumed to understand that he [or she] has completely admitted his [or her] guilt. In such circumstances, a court's failure to inform the defendant of the effect of his [or her] guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, syllabus.

{¶ 17} Although the trial court did not orally inform Lucero that her guilty plea constituted a complete admission of guilt and that it could proceed to sentencing, that information was included on the plea form, which stated: "By pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt. I know the judge may either sentence me today or refer my case for a presentence report." Lucero informed the trial court that she had an opportunity to review the written plea document with her attorney, that she understood it, and that she had signed it. Lucero made no assertion at the plea hearing that she was actually innocent of the offense, and there is nothing in the record to suggest that Lucero was prejudiced by the trial court's failure to provide the notification required by Crim.R. 11(C)(2)(b). Under the facts before us, we find no arguably meritorious claim regarding Lucero's plea. *Accord State v. Vanover*, 2d Dist. Clark No. 2005 CA 118, 2007-Ohio-1057, ¶ 63.

**C. Sentencing**

{¶ 18} Appellate counsel's potential argument is directed to the trial court's eight-month prison sentence.

{¶ 19} When the trial court has the discretion whether to impose a prison sentence for a fifth-degree felony, the trial court must "carefully consider" the statutory sentencing guidelines set forth in R.C. 2929.11 and 2929.12, as well as the "statutes that are specific

to the case itself." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38; *State v. Page*, 2d Dist. Champaign No. 2015-CA-27, 2016-Ohio-7326, ¶ 13; R.C. 2929.13(B)(2).

{¶ 20} At sentencing, the trial court did not make any reference to the statutory factors and considerations set forth in R.C. 2929.11 and R.C. 2929.12. However, the court's judgment entry states that the court considered "the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12." Both at the sentencing hearing and in its judgment entry, the court further indicated that it had reviewed the PSI.

{¶ 21} In imposing an eight-month sentence, it is perhaps arguable that the trial court did not fully consider the available community control sanctions or the purposes and principles of sentencing in utilizing Lucero's failure to appear at the November 9 pretrial conference – arguably a predictable action of an addict – to overcome mandatory community control and to sentence Lucero to prison "for her own good."

{¶ 22} Regardless, Lucero did not seek a stay of her sentence, either in the trial court or this court. A review of the Ohio Department of Rehabilitation and Corrections website reflects that Lucero no longer is incarcerated and that she is not subject to post-release control. Because Lucero has completely served the imposed prison sentence and we cannot provide any meaningful remedy, any appeal of the sentence would be moot. Accordingly, any challenge to Lucero's sentence would be frivolous.

### IV. Conclusion

{¶ 23} We have conducted an independent review of the record and find no non-

frivolous issues for appeal.   Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.


Copies sent to:

Andrew P. Pickering
Misty M. Connors
Kaylee Lucero
Hon. Douglas M. Rastatter