DECISION.
{¶ 1} Defendant-appellee Michael P. Westendorf pleaded guilty to and was convicted of failing to support his minor child, in violation of R.C. 2919.21(A)(2), a first-degree misdemeanor. Subsequently, Westendorf filed an application to seal the record of his conviction, which the trial court granted. The state has appealed.
 {¶ 2} The state's first assignment of error, which alleges that the trial court erred in granting Westendorf's application because the trial court had no jurisdiction to seal the record of his conviction, is sustained.
 {¶ 3} R.C. 2953.36(D) precludes the sealing of records of "[c]onviction of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony." The victim in a case of non-support is the child. See State v. Chapman, 1st Dist. No. C-020115, 2002-Ohio-7336;State v. Hall (2000), 137 Ohio App.3d 666, 739 N.E.2d 846; State v.Howard (Sept. 11, 1998), 1st Dist. No. C-971049.
 {¶ 4} Westendorf pleaded guilty to a first-degree misdemeanor. The victim of his crime was his three-year-old daughter. R.C. 2953.36(D) clearly and unambiguously precludes sealing the record of conviction where the victim was under eighteen years of age. Therefore, the trial court had no jurisdiction to grant Westendorf's application to seal his record of conviction.
 {¶ 5} Westendorf argues that the legislature did not intend R.C.2953.36(D) to apply to nonviolent offenses. The Legislative Service Commission's analysis of Am.Sub.S.B. No. 13, 123rd General Assembly, under the section entitled "Act Summary," states that the act "[e]xcludes from the Criminal Conviction Records Sealing Law all convictions of anoffense of violence when the offense is (1) a misdemeanor of the first degree or a felony and when the offense is not riot and is not assault, inciting to violence, or inducing panic that is a misdemeanor of the first degree, (2) an offense of which the victim was under 18 years ofage when the offense is a misdemeanor of the first degree or a felony, or (3) a felony of the first or second degree." (Emphasis ours.)
 {¶ 6} The section of the Legislative Service Commission's analysis entitled "Operation of the Act" states, "The act expands the provision that specifies certain categories and types of convictions to which the conviction records sealing provisions never apply. Under the act, in addition to the categories and types of offenses specified under continuing law, the conviction record sealing provisions also do notapply to the following convictions * * *: (1) [c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not riot and is not assault, inciting to violence, or inducing panic that is a misdemeanor of the first degree; (2) [c]onvictions of an offense in circumstances in which the victim ofthe offense was under 18 years of age when the offense is a misdemeanorof the first degree or a felony; (3) [c]onvictions of a felony of the first or second degree." (Emphasis ours.)
 {¶ 7} The Legislative Service Commission's "Act Summary" appears to support Westendorf's argument that R.C. 2953.36(D) does not apply to nonviolent offenses, but the "Operation of the Act" section mirrors the provisions of R.C. 2953.36(D), which state that records of convictions of first-degree misdemeanors where the victim is under eighteen years old may not be sealed. While the Legislative Service Commission's analysis may be ambiguous, the clear language of the statute is not. The trial court had no jurisdiction to grant Westendorf's application to seal his conviction.
 {¶ 8} The second assignment of error, which alleges that the trial court erred in granting the application because Westendorf's interest in sealing the record of conviction was outweighed by a legitimate governmental need to maintain the record, is subsumed in our disposition of the first assignment of error and is sustained solely for the reason that the trial court had no jurisdiction to seal the record of Westendorf's conviction.
 {¶ 9} Therefore, the judgment of the trial court is reversed.
Sundermann, J., concurs.
Painter, P.J., concurs separately.