[Cite as *State v. Chime*, 2025-Ohio-2259.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-24-048

      Appellee                                     Trial Court No.  2023 CR 0527

v.

Nicole M. Chime                              **DECISION AND JUDGMENT**

      Appellant                                    Decided:  June 27, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and,
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant Nicole Chime appeals the judgment of the Wood County Court of

Common Pleas, convicting her following a guilty plea to one count of attempted

tampering with evidence and sentencing her to 16 months in prison.  For the following

reasons, the trial court's judgment is reversed.

## I. Factual Background and Procedural History

{¶ 2} As gleaned from the record, Chime's husband concealed a video camera in the bathroom to record Chime's minor daughter A.W., his step-daughter. When A.W. found the camera she confronted Chime, who told her to respect his privacy and leave the camera alone. Chime took the camera from A.W. and did not allow her to see what was recorded on it.

{¶ 3} The Wood County Grand Jury indicted Chime on one count of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(5) and (C), a felony of the fourth degree, and one count of tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree. Chime agreed to plead guilty to an amended count of attempted tampering with evidence, a felony of the fourth degree. In exchange, the State agreed to dismiss the remaining count and recommend community control.

{¶ 4} At the sentencing hearing, the trial court considered the statements, arguments, and recommendations of the State, defense counsel, Chime, and A.W. It recognized a presumption against prison, but found the presumption overcome because Chime "was in a position of trust where her position obliged her to prevent the offense to which she's been found guilty." The trial court concluded that community control sanctions would demean the seriousness of the offense, and therefore sentenced Chime to serve 16 months in prison.

2.

## II. Assignment of Error

{¶ 5} Chime timely appeals her judgment of conviction, asserting one assignment of error for review:

> 1. The trial court erred in sentencing appellant to prison based on its finding that the preference for community control was overcome by the appellant's alleged position of trust in relation to the victim.

## III. Analysis

{¶ 6} Felony sentences are reviewed pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the sentence is otherwise contrary to law.

{¶ 7} Here, Chime argues that the trial court erred when it found that as a parent she was in a "position of trust" for purposes of R.C. 2929.13(B).[1]  R.C. 2929.13(B)(1)(a) provides that "[e]xcept as provided in division (B)(1)(b)," an offender convicted of a felony of the fourth degree that is not an offense of violence shall be sentenced to community control if he or she meets several conditions.  The parties do not dispute that

---

[1] Chime argues that the sentence is otherwise contrary to law under R.C. 2953.08(G)(2)(b).  Her argument, however, is that the trial court erred in its finding under R.C. 2929.13(B), which is accounted for in R.C. 2953.08(G)(2)(a).

3.

Chime meets the conditions under R.C. 2929.13(B)(1)(a), thus the matter turns on whether one of the exceptions in R.C. 2929.13(B)(1)(b) applies.

{¶ 8} Specifically, R.C. 2929.13(B)(1)(b) provides,

> The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
> . . .
>   (vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

{¶ 9} Chime argues that she was not in a "position of trust" in relation to her daughter as that term is used in R.C. 2929.13(B)(1)(b)(vii). She further argues that the offense of attempted tampering with evidence was not related to her position of trust. The State, on the other hand, argues that Chime, as a parent, was in a "position of trust," and that the offense was related.

{¶ 10} The State relies on *State v. Hall*, 137 Ohio App.3d 666 (10th Dist. 2000), in which the Tenth District affirmed a seven-month prison sentence for the fifth-degree felony of nonsupport. It held, in part, that for purposes of R.C. 2929.13(B) "[a] parent holds a position of trust with respect to the child." *Id.* at 668.

{¶ 11} Notably, *Hall* refers to R.C. 2929.13(B)(1)(d). R.C. 2929.13 has since been amended and R.C. 2929.13(B)(1)(d) has been renumbered to R.C. 2929.13(B)(1)(b)(vii). The language of both provisions is the same.

4.

**{¶ 12}** Shortly after *Hall* was released, in *State v. Brewer*, 2000 WL 1732335 (1st Dist. Nov. 24, 2000), the First District rejected the decision in *Hall* and reversed a ten-month prison sentence for the fifth-degree felony of nonsupport. It reasoned,

> [U]nrestrained application of ["position of trust"] to every breach of ethical, moral, or filial duty by a private individual may distort the purpose of the new sentencing guidelines. The trial court's construction, for example, means that a prison term could conceivably outweigh a community-control sanction for every parent convicted of felony nonsupport—in which case, nonsupport, a fifth-degree felony, would become presumptively an imprisonable offense. Such an interpretation of R.C. 2929.13(B)(1)(d) is not reasonably calculated to reflect the overriding purposes of felony sentencing under R.C. 2929.11(B) and (C), and is at odds with the goal of Am.Sub.S.B. No. 2 and R.C. 2929.13(B) to favor non-prison terms for nonviolent offenders. . . .
>
> Although we eschew an absolute rule that a private individual can never occupy a position of trust worthy of imposing a prison sentence, we adhere to the view that a *position* of trust is one that derives generally from the offender's public, as opposed to private, standing. For example, a religious leader, though not associated with government, could occupy a position of trust under the statute, as could a member of the staff of a private child-care center serving the public. In our view, however, application of the term "position of trust" to every one in the private role of parent is simply too broad.

(Emphasis sic.) *Id.* at *2.

**{¶ 13}** The Ohio Supreme Court later addressed the issue in *State v. Massien*, 2010-Ohio-1864, in the context of whether a nurse who stole drugs from her employer holds a "position of trust." Recognizing that the phrase "position of trust" was ambiguous, the Ohio Supreme Court identified some of the conflicting interpretations. *Id.* at ¶ 14. It first noted that "a number of appellate courts have held that virtually any public or private individual whose offense relates to a breach of any trust occupies a 'position of trust' for the purpose of R.C. 2929.13(B)(1)(d)," citing *Hall* and other cases.

5.

*Id.* It then noted that other courts have held that "R.C. 2929.13(B)(1)(d) applies only to public officials and public servants and does not apply to private individuals." *Id.* at ¶ 15. Finally, it recognized a "third approach" taken by the First District, specifically citing *Brewer*'s observation that "unrestrained application of the phrase to every breach of ethical, moral, or filial duty by a private individual may distort the purpose of the new sentencing guidelines." *Id.* at ¶ 16, quoting *Brewer* at \*2. The Ohio Supreme Court summarized the First District's interpretation as applying "only to private individuals in professions 'traditionally thought to invoke a special relationship of trust—such as doctor, lawyer or accountant,'" equating a "'position of trust' under R.C. 2929.13(B)(1)(d) to a fiduciary relationship." *Id.*

{¶ 14} Considering these conflicting analyses, the language of R.C. 2929.13(B)(1)(d) as a whole, and the overarching purposes and principles of felony sentencing, the Ohio Supreme Court determined that "the First District's interpretation equating a position of trust to a fiduciary relationship is consistent with the legislature's intent in enacting R.C. 2929.13(B)(1)(d)." *Id.* at ¶ 18. It reasoned that

> [b]y including the phrase "position of trust" in R.C. 2929.13(B)(1)(d) without limitation, the General Assembly evidenced its intent not to limit its application to public officials. However, we do not believe that the legislature intended the phrase to apply to all individuals who breach any private expectation of trust. An unrestrained application of the phrase "position of trust" to "every breach of ethical, moral, or filial duty by a private individual" is not consistent with the sentencing principles set forth by the General Assembly . . . or with the language of R.C. 2929.13(B)(1) as a whole.

*Id.* at ¶ 21. Looking at the factors that now largely make up R.C. 2929.13(B)(1)(b)(i)-(x), the Ohio Supreme Court concluded that "the General Assembly intended a narrow

6.

application of the phrase 'position of trust.'" *Id.* at ¶ 22. It determined that each factor, and even the distinct requirements within R.C. 2929.13(B)(1)(b)(vii), "involves a specific, well-defined circumstance," and it would be inconsistent with those factors and requirements to interpret "position of trust" "so broadly as to eliminate the preference for community control . . . based upon a finding that the offender, as a private individual, breached any moral, ethical, or filial duty." *Id.* at ¶ 32-33. It therefore held that "[a] private individual holds a 'position of trust' within the meaning of R.C. 2929.13(B)(1)(d) if he or she occupies a special relationship of trust and confidence equivalent to a fiduciary relationship." *Id.* at paragraph two of the syllabus.

{¶ 15} The State contends that a parent-child relationship is a fiduciary relationship as intended under *Massien* and R.C. 2929.13(B)(1)(b)(vii). This, however, requires a broad interpretation of "position of trust" like that in *Hall*, which the Ohio Supreme Court rejected in *Massien*. Instead, the Ohio Supreme Court adopted the First District's narrower interpretation, which in *Brewer* led it to conclude that a parent was not in a "position of trust" as understood by R.C. 2929.13(B)(1)(b)(vii). This court has found no cases since *Massien* that have held that a parent is in a "position of trust" under R.C. 2929.13(B)(1)(b)(vii). Furthermore, such a holding would be inconsistent with the general rule cited in probate matters that "[a] parent-child relationship in and of itself is insufficient to create a confidential or fiduciary relationship." *Young v. Kaufman*, 2017-Ohio-9015, ¶ 60 (8th Dist.).

{¶ 16} Accordingly, Chime was not in a "position of trust" solely because she was the parent of A.W. as contemplated under R.C. 2929.13(B)(1)(b)(vii). The trial court's

7.

finding otherwise is thus not supported by the record and is contrary to law. Chime's assignment of error is well-taken.

## IV. Conclusion

{¶ 17} The trial court erred when it found that Chime was in a "position of trust" and consequently sentenced her to prison instead of community control contrary to R.C. 2929.13(B)(1)(a). The judgment of the Wood County Court of Common Pleas is reversed and vacated, and the matter is remanded to the trial court for resentencing. The State is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,<br>vacated, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J .Osowik, J.        _____
                    JUDGE
Gene A. Zmuda, J.

Charles E. Sulek, P.J.       _____
CONCUR.              JUDGE

                  _____
                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.